527 A.2d 106

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Anselmo C. GONZALEZ, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 10, 1987.

Decided June 10, 1987.

Perry DeMarco, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Deputy Dist. Atty., Ronald Eisenberg, Chief, Appeals Division, Susan Willcox, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issue before the Court in this case is whether there was sufficient evidence to support the jury's finding of appellant's guilt of possessing an instrument of crime.[1]

On August 24, 1984, after a trial by jury, appellant Anselmo C. Gonzalez was acquitted of murder and voluntary manslaughter, but found guilty of possessing an instrument of crime. These charges arose out of the shooting death of Juan Martinez, a member of a Philadelphia street gang. Post-trial motions in arrest of judgment and for a new trial were denied and, on September 26, 1984, appellant was sentenced to a term of imprisonment of one to three years. Appellant's motion to modify sentence was denied on October 5, 1984.[2] On direct appeal in Superior Court appellant challenged the sufficiency of the evidence supporting his conviction, and asserted error in the trial court's refusal to grant his motion for a mistrial after the prosecutor questioned appellant concerning an uncharged offense. Superior Court affirmed the judgment of sentence by *per curiam* order, 350 Pa.Super. 631, 503 A.2d 455 (1985), and, in the memorandum opinion in support of that order, relied on the analysis in the trial court's opinion. We granted appellant's petition for allowance of appeal.

In reviewing appellant's challenge to the sufficiency of the evidence, "we must view that evidence in the light most favorable to the verdict winner, here the Commonwealth;

---

1. 18 Pa.C.S.A. § 907(a).
2. Appellant was released on bond pending appeal on March 29, 1985.

all reasonable inferences which may be drawn from the evidence must be drawn favorably to the verdict winner as well." *Commonwealth v. Burns,* 490 Pa. 352, 354, 416 A.2d 506, 507 (1980).

The record in this case reveals the following facts. Appellant owned a small variety store in a high crime area of Philadelphia. On March 19, 1984, appellant was working in his store: his wife and ten year old daughter were also present. (The family lived in an apartment above the store.) Juan Martinez and another member of a gang called the Outlaws entered the store and threatened to steal a radio from a customer, Timmy. Appellant forced the gang members out of his store saying, "Don't come around here messing with my customers. I'm going to kill somebody." When Timmy left the store a few minutes later, the gang, now numbering at least 8 or 9, chased Timmy in an attempt to again steal the radio. According to appellant, Juan Martinez, before joining in the chase, threatened appellant, "I'm coming back for you."

Martinez returned five minutes later with 15 to 20 members of his gang and approached appellant's store. Appellant, in the doorway of his store, shot and killed Martinez with a sawed-off shotgun. According to Commonwealth witnesses, Martinez was unarmed and was not threatening appellant when the shot was fired.

Appellant, on the other hand, testified that Martinez told him, "I'm going to shoot your butt." Martinez then reached into his jacket and began to draw a black, shiny object. Appellant knew Martinez often carried a gun, and had seen the gun on several occasions. Appellant also had seen Martinez and his gang carry knives and rob people in and around the store. Appellant testified that he shot Martinez out of fear for his own and his family's safety. No gun was found on Martinez when the police arrived at the scene.

Appellant asserts that insufficient evidence was presented at trial to prove beyond a reasonable doubt that he possessed *intent* to employ his shotgun criminally, one of

the elements of the crime of possessing instruments of a crime. 18 Pa.C.S.A. § 907(a) provides as follows:

(a) **Criminal instruments generally.**—A person commits a misdemeanor of the first degree if he possesses any instrument of crime *with intent* to employ it criminally.

(Emphasis added.) "The Commonwealth must prove every element of the offense, including criminal intent, beyond a reasonable doubt.... Although criminal intent can be inferred beyond a reasonable doubt from the surrounding circumstances, it cannot be inferred from mere possession." *Commonwealth v. Moore,* 476 Pa. 19, 21, 381 A.2d 845 (1978).

■ Appellant urges that our holding in *Commonwealth v. Watson,* 494 Pa. 467, 431 A.2d 949 (1981), controls this case. The appellant in *Watson* shot and killed her husband during a struggle and was convicted of both voluntary manslaughter and carrying a concealed weapon. We held that insufficient evidence had been presented at trial to disprove self-defense and reversed the voluntary manslaughter conviction. We further held that the conviction for carrying a concealed weapon must also be reversed due to insufficient evidence to establish criminal intent in possessing the gun used in the killing. No crime had been committed with the gun, and there was no other evidence presented to support a finding of criminal intent. *Id.,* 494 Pa. at 475, 431 A.2d at 953. In the instant case, the same analysis applies. Appellant did not commit a crime with the shotgun. Thus, the jury could not infer from the killing of Martinez that appellant possessed intent to employ the shotgun criminally.

■ The Commonwealth, however, asserts that the jury could have inferred criminal intent from appellant's statement during the initial altercation with Martinez, "Don't come around here messing with my customers. I'm going to kill somebody." We disagree with the Commonwealth's assertion because, when viewed in the context in which it was made, appellant's statement at best presents equivocal evidence of intent. First, appellant did not wield the shot-

gun when he made the statement. In fact, appellant did not make use of the shotgun until the second altercation which began when Martinez and the gang returned from their unsuccessful attempt to rob Timmy. Second, the Commonwealth's own witnesses confirmed that appellant was attempting to protect Timmy from being robbed when the statement was made (Notes of Testimony at 1.9), and the statement itself evidences appellant's concern for Timmy's safety. Third, the neighborhood in which the shooting occurred is a high crime area where robberies, like the attempted robbery of Timmy in this case, occur in broad daylight in front of appellant's store. Possession of a weapon for protection in such a setting is reasonable. Finally, appellant's statement is consistent with an expression of his preparedness to kill *in self defense* (which is what the jury determined he did in this case); an interpretation at least as plausible as that advanced by the Commonwealth.

Appellant's statement is not, of itself, sufficient to support a finding of criminal intent, since any jury interpretation of what appellant actually intended by the statement would be no better than guesswork.

Therefore, since appellant did not commit a crime with the shotgun, and no other evidence sufficient to support a finding of criminal intent was presented at trial, appellant's conviction for possessing an instrument of crime must be reversed.[3] *Commonwealth v. Watson, supra.*

The judgment of sentence is reversed and appellant is discharged.

McDERMOTT, J., filed a dissenting opinion in which HUTCHINSON, J., joined.

McDERMOTT, Justice, dissenting.

Appellant was convicted of the general crime of possessing an instrument of crime. That statutory offense requires the following:

---

**3.** Because of our disposition of this issue, we need not reach appellant's claim that the trial court erred in refusing to grant a mistrial when the prosecutor cross-examined appellant regarding an uncharged offense.

A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

18 Pa.C.S. 907(a).

The evidence in this case demonstrated that appellant shot and killed an unarmed man. While it is true that appellant possessed a subjective belief that his life was threatened, that is not normally enough to satisfy the burden of establishing self-defense. The jury, however, resolved this issue in favor of appellant and acquitted him of homicide. Nevertheless, it is clear that the jury did not consider appellant to be wholly blameless, effectively recognizing that appellant's action in confronting a group of teenagers on a public sidewalk, with a loaded shotgun in hand, contributed to the escalating tensions which led to the victim's death. Hence, there is no question in my mind that the verdict in this case was a compromise, and should be allowed to stand.

The opinion of the majority is grounded in a belief that appellant's weapon conviction is invalid because a homicide conviction was not accomplished. However, such reasoning ignores the fact that appellant was convicted of an inchoate crime, which by its nature does not require the successful completion of an independent criminal act. Merely because the jury found that at the moment appellant fired the gun his actions did not warrant a homicide conviction does not mean that for the period of time up to that final moment appellant could not be guilty of this possessory offense.

Additionally, the reliance by the majority on *Commonwealth v. Watson*, 494 Pa. 467, 431 A.2d 949 (1981) is unpersuasive, and it ignores the fact the crime in *Watson* was distinct from the crime at issue here.

In *Watson* the defendant was convicted of carrying a concealed weapon, a crime which is defined as follows:

A person commits a misdemeanor of the first degree if he possesses a firearm or other weapon concealed upon his person with intent to employ it criminally.

18 Pa.C.S. § 907(b).  Since Mrs. Watson only employed the admittedly concealed weapon at a time when her life was threatened, this Court held that there was no foundation upon which to conclude that she had been carrying the concealed weapon with an intent to commit a crime.

Here the appellant was convicted of possession of an instrument of crime generally, a crime which contains no element of concealment, and which can be committed, and obviously the jury believed was committed, prior to the situation which appellant believed he was facing.

For these reasons, I would affirm the judgment of sentence.

HUTCHINSON, J., joins in this dissenting opinion.