749 A.2d 458

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Tyrone WESTON, Appellee.**

Supreme Court of Pennsylvania.

Argued Feb. 1, 2000.

Decided April 17, 2000.

Catherine Marshall, Michael A. Morse, Philadelphia, for appellant, Com.

Peter J. Lesh, Doylestown, for appellee, Tyrone Weston.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

CAPPY, Justice.

The sole issue presented is whether a conviction of voluntary manslaughter abrogates the requisite intent for convictions for possessing an instrument of crime and criminal conspiracy. For the reasons stated herein, we hold that a conviction for voluntary manslaughter does not negate the requisite intent for convictions of possessing an instrument of crime and criminal conspiracy and thus, reverse the Superior Court.

The facts, at trial, established the following. Tyrone Weston's co-conspirator, Le–Le, was involved in an argument with Derwin Fowler, the decedent, about selling drugs at an abandoned house that the decedent regarded as his territory. The decedent and Le–Le argued outside the house. Following the argument, the decedent went inside the house, and sat down on a couch with a gun on his lap. Le–Le returned to the house with Weston (hereafter appellee) at his side. Appellee, armed with a gun, entered the house and asked Le–Le, "which one was it?" The decedent stood up. Shots rang out and appellee was hit in the foot.[1] Appellee and Le–Le then shot the decedent to death. The other people at the property were able to get away and provided eyewitness testimony regarding the incident.

Following a non-jury trial, appellee was convicted of voluntary manslaughter[2], criminal conspiracy[3], possessing instru-

---

1. Although the evidence at trial suggested that the decedent shot at appellee first, the testimony presented at trial was somewhat inconclusive.

2. 18 Pa.C.S. § 2503(b).

3. 18 Pa.C.S. § 903.

ments of crime (hereafter "PIC") [4], carrying a firearm without a license [5], and carrying a firearm on the public streets or public property.[6,7] The court sentenced appellee to five to ten years of imprisonment for the voluntary manslaughter conviction and a consecutive term of three to ten years of imprisonment for the conspiracy conviction. The sentences for the remaining convictions were to run concurrent with the voluntary manslaughter sentence.

On appeal, the Superior Court affirmed in part and vacated in part appellee's judgment of sentence on the basis that the evidence was insufficient to establish conspiracy and PIC. Therefore, the court vacated the judgment of sentence regarding these convictions. This court granted the Commonwealth's petition for review in order to determine whether the Superior Court erred in vacating the convictions for criminal conspiracy and PIC on the basis that appellee was simultaneously convicted of voluntary manslaughter.[8]

The Commonwealth argues that in order to secure a conviction for voluntary manslaughter, it proved intent as one of the elements of the crime and by doing so, it established the requisite intent to support the convictions for conspiracy and PIC. In addition, regardless of appellee's conviction for voluntary manslaughter, the court acknowledged that the evidence was sufficient to convict appellee of first degree murder, and thus sufficient to establish the necessary intent as to both conspiracy and PIC. Alternatively, the Commonwealth asserts

**4.** 18 Pa.C.S. § 907(b).

**5.** 18 Pa.C.S. § 6106.

**6.** 18 Pa.C.S. § 6108.

**7.** Appellee and Le–Le were not tried together.

**8.** Our standard of review is whether the Superior Court committed an error of law. *Commonwealth v. Widmer,* 560 Pa. 308, 744 A.2d 745, 751 (2000). A claim challenging the sufficiency of the evidence is a question of law. *Id.* As this case involves a question of law our scope of review is plenary. *Phillips v. A–Best Products Co.,* 542 Pa. 124, 665 A.2d 1167, 1170 (1995); *see also Commonwealth v. Nester,* 551 Pa. 157, 709 A.2d 879, 881 (1998).

that the trial court rendered a "mercy verdict" and as such, the verdict should be allowed to stand.

Appellee responds that the verdict was not a mercy verdict, as the evidence established that he believed that the killing was justified as self-defense and the conviction for voluntary manslaughter demonstrated that he was not acting intentionally. On the other hand, if the verdict was a mercy verdict then a judge, sitting as fact-finder, should not be allowed to render an inconsistent verdict. Judges are presumed to be learned in the law and thus, should be required to render consistent verdicts. Based upon this reasoning, appellee concludes that the Superior Court correctly vacated the conspiracy and PIC convictions.

On appeal to the Superior Court, appellee asserted that the Commonwealth presented insufficient evidence to establish all of the elements of the crimes charged. In resolving this issue, the court found, as a matter of law, that appellee's conviction for voluntary manslaughter demonstrated that he did not possess the requisite criminal intent for the conspiracy and PIC convictions based upon *Commonwealth v. Correa,* 437 Pa.Super. 1, 648 A.2d 1199 (1994). Thus, the court concluded that the evidence was insufficient to establish conspiracy and PIC.

When reviewing a sufficiency of the evidence claim, the appellate court must view all the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as verdict winner. *Commonwealth v. Widmer,* 560 Pa. 308, 744 A.2d 745, 751 (2000)(*citing Commonwealth v. Chambers,* 528 Pa. 558, 599 A.2d 630 (1991)). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Widmer,* 744 A.2d at 751 (*citing Commonwealth v. Karkaria,* 533 Pa. 412, 625 A.2d 1167 (1993)); *see also Commonwealth v. Rhodes,* 510 Pa. 537, 510 A.2d 1217 (1986). In the instant case, the Superior Court failed to undertake a sufficiency review of this nature. Rather, the

Superior Court relied upon its decision in *Commonwealth v. Correa,* 437 Pa.Super. 1, 648 A.2d 1199 (1994), and held that the conviction for voluntary manslaughter negated the requisite intent for both PIC and conspiracy.

In *Correa,* the defendant was convicted of voluntary manslaughter as a result of his unreasonable belief that the killing was justified.[9] 648 A.2d at 1202. The defendant was also convicted of PIC. The Superior Court held, in a single judge opinion,[10] that the conviction for PIC was improper, since where a defendant is convicted of voluntary manslaughter, imperfect self-defense, then "the requisite intent needed to convict one of possession of an instrument of crime is necessarily absent." *Correa,* 648 A.2d at 1203. The court reasoned that if the defendant was acting in self-defense, then he could not have intended to employ the gun criminally, since employing the gun in self-defense would be to employ the gun in a lawful manner. *Id.* at 1203. The court analogized the situation in *Correa* to *Commonwealth v. Gonzalez,* 515 Pa. 98, 527 A.2d 106 (1987), where this court determined that a conviction for PIC cannot stand where there is an acquittal on the basis of self-defense. *Id.; see also Commonwealth v. Samuel,* 527 Pa. 298, 590 A.2d 1245, 1249 (1991); *Commonwealth v. Watson,* 494 Pa. 467, 431 A.2d 949 (1981).

However, the *Correa* court's analogy to *Gonzalez* fails to appreciate a critical distinction between these cases. As this court explained in *Gonzalez, supra,* the appellant could not be convicted of PIC, since he was acquitted of the underlying killing on the basis of self-defense. *Id.* at 108. Where an appellant has been acquitted of the underlying crime, and no other evidence has been presented to establish criminal intent, an appellant cannot be deemed to possess the requisite intent to employ a weapon criminally—a prerequisite to a conviction for PIC. *See* 18 Pa.C.S. § 907(b); *Gonzalez.* The reasoning in

**9.** This type of voluntary manslaughter is also referred to as imperfect self-defense. *Commonwealth v. Tilley,* 528 Pa. 125, 595 A.2d 575, 582 (1991).

**10.** Judge Olszewski authored the lead opinion, Judge McEwen concurred in the result, and Judge DelSole authored a concurring opinion joining the result of the majority opinion.

*Gonzalez* is commonsense, since where a defendant has justifiably used force in self-defense, then no crime has been committed.[11] However, this reasoning is inapt where there has been a conviction. In *Correa,* there was a conviction for voluntary manslaughter, as opposed to an acquittal on the basis of self-defense. Thus, any comparison to *Gonzalez* was misguided. In addition, any implication by the *Correa* court, that voluntary manslaughter does not involve an intentional killing, is similarly flawed, as both statutory language and case law make clear that a conviction for voluntary manslaughter necessarily entails proof of intent. 18 Pa.C.S. § 2503(b); *see also Mason, infra; Butcher, infra.*

The instant case similarly involved a conviction for voluntary manslaughter, imperfect self-defense. The Superior Court undertook a sufficiency of the evidence analysis and determined that the evidence was insufficient to establish the requisite intent for PIC and conspiracy based solely upon *Correa.* Thus, the court's sufficiency analysis was misled by the holding in *Correa* in that the court erroneously overlooked the distinction between a conviction for voluntary manslaughter and an acquittal on the basis of self-defense. Accordingly, for the reasons stated above, we find that the Superior Court erred, as a matter of law, in resolving the sufficiency of the evidence analysis on the basis of *Correa.* Although we would normally remand to the intermediate appellate court to apply the correct legal analysis, since the instant case involves a question of law, in the interest of justice, we now perform a sufficiency of the evidence analysis related to each of appellee's convictions.

In the instant case, it is clear that the Commonwealth proffered sufficient evidence to establish voluntary manslaughter. The law provides for a conviction of voluntary manslaughter under two different circumstances. A person is guilty of voluntary manslaughter if, either he acted under a sudden and intense passion resulting from a serious provoca-

11. Indeed, 18 Pa.C.S. § 501 *et seq.,* provides that self-defense is a defense to a conviction for the underlying assault or killing, so long as such use of force is justified.

tion or if he "knowingly and intentionally kills an individual" under the unreasonable belief that the killing was justified. 18 Pa.C.S. § 2503(a) and (b). Similar to *Correa*, this case involves a conviction for voluntary manslaughter where the actor unreasonably believed the killing was justified. 18 Pa. C.S. § 2503(b). In order to procure a conviction for voluntary manslaughter the Commonwealth must prove, beyond a reasonable doubt, that the homicide was not justified. *Commonwealth v. Mehmeti*, 501 Pa. 589, 462 A.2d 657 (1983). A killing that occurs under the mistaken belief that it was justified constitutes voluntary manslaughter. *Id.* Voluntary manslaughter, imperfect self-defense, requires that the Commonwealth establish that the defendant "intentionally and knowingly" killed another. 18 Pa.C.S. § 2503(b); *see also Commonwealth v. Mason*, 474 Pa. 308, 378 A.2d 807 (1977); *Commonwealth v. Butcher*, 451 Pa. 359, 304 A.2d 150, 153 (1973).

The evidence presented at trial established that appellee went to the location, armed with a gun in order to assist Le–Le, who was also armed with a gun. As noted by the trial court, "the fact that the decedent shot first does not justify the defendant shooting the decedent to death after confronting him with a gun. Indeed, entering the property of another with a gun in hand to revenge a disagreement certainly supports the voluntary manslaughter verdict here; and indeed this same evidence could have easily supported a verdict of murder in the first degree since the intent to kill is plain." Trial court slip opinion, 9/12/97, at 3–4. Accordingly, the evidence was sufficient to establish the conviction for voluntary manslaughter.

In order to establish a conviction for PIC the Commonwealth must prove that the defendant possessed "a firearm or other weapon concealed upon his person with intent to employ it criminally." 18 Pa.C.S. § 907(b). In the instant case, the evidence showed that appellee armed himself with a gun before confronting the decedent. Indeed, we can envision few other explanations for appellee arming himself before going to the decedent's location, other than an intent to use the gun to

harm or at least to threaten the decedent.[12]   Moreover, appellee actually employed the gun to kill the decedent, which ultimately resulted in his conviction for voluntary manslaughter.   Accordingly, the evidence was sufficient to establish PIC.

Lastly, we must examine whether the evidence was sufficient to establish criminal conspiracy.

A person is guilty of criminal conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a)(1)–(2).   The sine qua non of a conspiracy is the shared criminal intent.   *Commonwealth v. Wayne*, 553 Pa. 614, 720 A.2d 456, 464 (1998), *quoting Commonwealth v. Schomaker*, 501 Pa. 404, 461 A.2d 1220 (1983).   In the instant case, the evidence established that Le–Le argued with the decedent.   Following the argument, Le–Le solicited appellee's help to confront the decedent and appellee and Le–Le armed themselves before going to the decedents.   These facts, combined with the fact that appellee and Le–Le in fact employed the weapons to harm the decedent, warranted a finding by the trial judge that appellee and Le–Le had a shared intent to harm, or at least to threaten, the decedent.   Accordingly, the evidence was sufficient to establish the shared criminal intent required for criminal conspiracy.

For the reasons stated herein, we conclude that the Superior Court erred in concluding that the conviction for voluntary manslaughter required that the convictions for conspiracy and

12. We acknowledge that appellee suggested that he armed himself before confronting the decedent for his own protection.   However, this suggestion overlooks the fact that there was no urgency for appellee to confront the decedent in the first instance.

PIC be vacated.[13]   Moreover, we find that the evidence was sufficient to support the convictions for these crimes.   Accordingly, we reverse the portion of the order of the Superior Court, which vacated appellee's judgment of sentence for conspiracy and PIC, and affirm the remainder of the order, which affirmed appellee's judgment of sentence.

---

**13.**   Since we have determined that the convictions for PIC and criminal conspiracy were supported by sufficient evidence, there is no reason to address the Commonwealth's alternative "mercy verdict" theory in the instant case.