**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Alex M. NARANJO, Appellant.**

Superior Court of Pennsylvania.

Submitted May 14, 2012.
Filed Sept. 4, 2012.

Wadud Ahmad, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: BOWES, LAZARUS, and WECHT, JJ.

OPINION BY BOWES, J.:

Alex M. Naranjo appeals from the judgment of sentence of two and one-half to five years incarceration entered by the

trial court after a jury convicted him of possession of an instrument of crime ("PIC"). We affirm.

At approximately 6:00 a.m. on January 24, 2008, Reo Dennis was found lying at the corner of Sixth and South Streets in Philadelphia by a firefighter and paramedics. Paramedics transported Mr. Dennis to Jefferson Hospital where he was pronounced dead. Mr. Dennis died of a single stab wound to the chest that caused massive internal bleeding. The police investigation led them to Appellant later that morning. Appellant admitted to stabbing the decedent, but claimed he acted in self-defense. Police charged Appellant with murder generally and PIC.

The evidence adduced at trial revealed that Appellant called the decedent's girlfriend, Valeria Moss, at approximately 2:00 a.m. on January 24, 2008. At the time, she was visiting Mr. Dennis from New York and staying at his apartment. The phone call awakened her and she asked Mr. Dennis to answer it. According to witnesses at the apartment, Mr. Dennis either answered the phone or saw that Appellant placed a voicemail on the phone and listened to the message. One of Mr. Dennis's roommates testified that Mr. Dennis ultimately instructed Appellant to cease harassing his girlfriend, whom Appellant previously dated. Appellant and Mr. Dennis then began to argue and Appellant threatened to kill Mr. Dennis. Mr. Dennis, a double black belt and bouncer, responded by asking Appellant to meet him at Fifteenth and Chestnut Streets to settle the matter. Subsequently, the victim and two roommates traveled to Fifteenth and Chestnut Streets and waited for Appellant. Appellant failed to arrive, although he exchanged several more phone calls with Mr. Dennis, in which both men traded threats.

When Mr. Dennis returned to his apartment, Appellant again telephoned. After informing Appellant that he was trained in martial arts, Mr. Dennis renewed his invitation that Appellant meet him, this time at Sixth and South Street. Mr. Dennis left his apartment at approximately 5:00 a.m. Appellant arrived at Sixth and South Street armed with three different weapons: a metal ruler with a makeshift handle made of bandages, a pair of scissors, and a multi-purpose tool that contained a pocketknife. He also wore a scarf over his face. According to Appellant, Mr. Dennis told him to stay away from his girlfriend and called Appellant a coward. Additionally, Mr. Dennis allegedly laughed at Appellant and began to taunt him based on the weapons he had brought. The two men then began to fight. Appellant claimed that he struck the victim in the chest with the scissors after the victim assaulted him. After observing Mr. Dennis stumble to the ground, Appellant stated that he retrieved the scissors and a metal rod he said the victim was carrying. Appellant then threw the weapons away and took a cab to a friend's house. Police did not find the scissors or metal rod where Appellant allegedly disposed of them. However, his multi-purpose tool, with the knife extended, and the metal ruler were located at the scene of the attack. Neither instrument tested positively for the victim's blood. The Commonwealth's expert implicitly attacked the credibility of Appellant by testifying that the scissors could not have caused the injury Mr. Dennis sustained, and opined that the pocketknife police found at the scene could have produced the fatal injury.

The jury acquitted Appellant of the homicide charges but convicted him of PIC.[1] Thereafter, the trial court sentenced

---

1. The court did not originally instruct the jury

on involuntary manslaughter; however, after

Appellant to two and one-half to five years incarceration. Appellant timely filed a post sentence motion, which the trial court denied. This appeal followed. The court directed Appellant to file and serve a Pa. R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court issued its Pa. R.A.P. 1925(a) opinion. The case is now ready for disposition. Appellant raises two issues for our consideration.

    I.  Was the evidence sufficient to support Appellant's conviction for possessing an instrument of crime where a jury acquitted him of murder on the basis of self-defense and there was no evidence to establish that he possessed a weapon with criminal intent?

    II.  Did the lower court abuse its discretion in sentencing Appellant to the statutory maximum sentence for his possessing an instrument of crime conviction where the record discloses that the court focused solely on the circumstances surrounding the crime and failed to consider all other relevant sentencing factors?

Appellant's brief at 4.

Appellant's first issue is a challenge to the sufficiency of the evidence. Our review in such matters is governed by well-established precepts.

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mobley,* 14 A.3d 887, 889–890 (Pa.Super.2011).

Appellant contends that this Court and the Pennsylvania Supreme Court prohibit a conviction for PIC where a defendant is acquitted of an underlying charge on the grounds of self-defense. In advancing this aspect of his position, Appellant relies on *Commonwealth v. Gonzalez,* 515 Pa. 98, 527 A.2d 106 (1987) and *In re A.C.,* 763 A.2d 889 (Pa.Super.2000). In *Gonzalez,* a shopkeeper shot and killed a gang member who threatened to rob a customer. Specifically, two gang members threatened to steal a radio from a customer in the store. The owner, Gonzalez, forced the men to leave and threatened them. One of the gang members, the decedent therein, replied that he was coming back for the storekeeper. He then returned to the store with an additional fifteen to twenty men and Gonzalez shot him with a shotgun. The jury found the defendant not

---

a question from the jury, it did ultimately give an instruction in that regard. The jury also was instructed on first-degree murder, third degree murder and voluntary manslaughter. These crimes fall under the definition of homicide. 18 Pa.C.S. § 2501.

guilty of murder and voluntary manslaughter, but adjudicated him guilty of PIC. This Court affirmed Gonzalez's PIC conviction, but our Supreme Court reversed.

The *Gonzalez* Court held that "since appellant did not commit a crime with the shotgun, and **no other evidence sufficient to support a finding of criminal intent was presented at trial**," the Commonwealth did not prove the intent element of PIC. *Gonzalez, supra* at 108 (emphasis added). Appellant maintains factual similarities exist in this case and that, like *Gonzalez*, the fatal exchange herein occurred after repeated verbal threats from each party. In addition, Appellant notes that, like the defendant in *Gonzalez*, he did not call police or avoid a confrontation, but armed himself for his own defense.

As noted, Appellant also relies on *In re A.C., supra*. In that case, a female juvenile was charged with committing delinquent acts of aggravated assault, simple assault, and PIC after she cut another person with a steak knife. The juvenile court found that A.C. acted in self-defense and declined to adjudicate her delinquent as to the assault charges, but held her delinquent as to PIC. A.C. appealed and this Court reversed the adjudication of delinquency, finding that her possession of the knife did not establish criminal intent. We also added that the decision to carry a weapon for possible self-defense purposes was reasonable. In the case at bar, Appellant submits that the jury determined that he acted in self-defense, and argues that his mere possession of the knife and scissors was insufficient to establish criminal intent.

The Commonwealth responds that, unlike *Gonzalez*, it introduced additional evidence that supported a finding of criminal intent regarding PIC. According to the Commonwealth, Appellant "prepared himself for a confrontation with the victim, an event that was the culmination of hostilities escalated for hours by defendant, who had threatened to kill the victim, by fashioning a crude sword out of a metal ruler, opening the blade of his multipurpose tool, and grabbing a pair of scissors, and concealing these weapons on his person." Commonwealth's brief at 10. Since Appellant admitted to taking a stance with the scissors in his hand, rather than retreating, the Commonwealth argues that he had the requisite criminal intent for PIC. The Commonwealth continues that neither malice nor specific intent is necessary for PIC, although they are elements of murder and voluntary manslaughter; thus, the separate verdicts demonstrated that the jury recognized the differing *mens rea* elements of the respective crimes.

Most recently, this Court reversed a conviction for PIC in *Commonwealth v. Moore*, 2012 PA Super 143, 49 A.3d 896 where the defendant was acquitted of homicide charges based on self-defense. Therein, the defendant and another individual confronted one another in a club. According to the Commonwealth's theory, the defendant then traveled to his car and returned with a gun, before firing indiscriminately. The individual with whom the defendant had been previously arguing stated that after the defendant started firing he found a gun on the floor of the establishment and shot at the defendant, hitting the defendant in the right knee and left thigh. In contrast to the Commonwealth's version of the events, the defendant alleged that he retrieved a gun already hidden inside the establishment and returned fire in self-defense. The defendant was acquitted of all homicide and attempted homicide charges after the jury was instructed on self-defense. Relying on *Gonzalez* and *In re A.C.*, we held that the only proof introduced to the jury that demonstrated the defendant used the gun

in a criminal manner related to the homicide and attempted homicide charges.[2] Since he was acquitted of those charges, the PIC conviction necessarily failed.

■ Put simply, when a defendant is acquitted, based on self-defense, of the crimes with which he is charged and there is no other evidence of criminal intent to employ the weapon, he cannot be convicted of PIC. *Gonzalez, supra.* Here, however, contrary to his contention, Appellant was not acquitted based on self-defense. Unlike *In re A.C.*, where the court made a specific finding of self-defense, the jury in the instant case made no such finding. Indeed, the court in the present case specifically instructed the jury that if it found that Appellant acted in self-defense, it could not find him guilty of PIC. N.T., 1/14/11, at 106–107. Juries are presumed to follow a court's instructions. *Commonwealth v. Mollett*, 5 A.3d 291 (Pa.Super.2010). Since Appellant was found guilty of PIC, we must assume that the jury rejected self-defense as the basis for its acquittal on the murder and voluntary manslaughter charges.

■ Therefore, in contrast to *Gonzalez*, where our Supreme Court stated that the jury's acquittal reflected acceptance of the self-defense claim, the jury's verdict herein does not demonstrate that it believed Appellant acted in self-defense. Rather, the jury apparently rejected the Commonwealth's proof of the homicide charge in regards to malice, intent to kill, and the criminal recklessness or grossly negligent element of involuntary manslaughter.[3]

In contrast to *Moore, supra,* where the only evidence of criminal intent pertaining to the gun was the homicide-related charges, in the case *sub judice,* there was ample evidence that Appellant intended to engage in mutual combat with the decedent by using the weapons he carried with him, and not to merely carry them in the event he was attacked. Appellant took three separate weapons to an agreed-upon location and assumed a fighting stance while holding the scissors before striking the decedent with the weapon. Other evidence of criminal intent beside the homicide charges was thus presented to the jury. Since PIC is an inchoate crime defined as possession of "a firearm or other weapon concealed upon his person with intent to employ it criminally[,]" 18 Pa.C.S. § 907(b), PIC does not require that a crime be completed; rather, the focus is on whether the defendant possesses the instrument for **any** criminal purpose. In sum, Appellant could have possessed the items in order to fight the decedent, without intending to cause his death, acting with the malice necessary to establish murder, or being criminally reckless for purposes of the involuntary manslaughter crime. Therefore, Appellant was not convicted based on his mere possession of the

2. The defendant therein was also charged as a person not to possess a firearm, however, this evidence was not introduced until after the jury acquitted the defendant of the homicide related charges and convicted him of PIC. Thus, we reasoned that the jury could not have convicted him of PIC based on his status as a person not to possess a firearm since that information was not before the jury when it decided that charge.

3. Malice is necessary to establish first degree murder but is not an element of voluntary manslaughter; however, voluntary manslaughter is an intentional killing. *See Commonwealth v. Briggs*, 608 Pa. 430, 12 A.3d 291, 307 n. 14 (2011). Malice is also required for third degree murder. *Commonwealth v. Roebuck*, 612 Pa. 642, 32 A.3d 613 (2011). Involuntary manslaughter is not an intentional killing requiring malice. *See Commonwealth v. Seibert*, 424 Pa.Super. 242, 622 A.2d 361, 364 (1993).

alleged weapons, but because he intended to use those weapons to fight the decedent.

The Commonwealth thus presented additional evidence aside from the homicide charges which demonstrated an intent to employ the weapons criminally, *i.e.,* Appellant's agreement to enter into a mutual fight. Additionally, the jury did not acquit Appellant of either murder or voluntary manslaughter based on self-defense. The fact that the jury concluded that Appellant did not commit a homicide with the weapons does not remove his intent to use the weapons to fight the decedent. Accordingly, Appellant's claim fails.

■■ The second contention Appellant advances on appeal pertains to the discretionary aspects of his sentence. "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Crump,* 995 A.2d 1280, 1282 (Pa.Super.2010). Rather, an "[a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Id.* A defendant presents a substantial question when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Id.* In order to properly present a discretionary sentencing claim, a defendant is required to preserve the issue in either a post-sentence motion or at sentencing and in a court-ordered Pa.R.A.P. 1925(b) concise statement. Further, on appeal, a defendant "must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm." *Id.*

■ Appellant properly preserved his issue by setting it forth in both his post-

sentence motion and Pa.R.A.P. 1925(b) statement. Additionally, Appellant has provided a separate statement asserting that he has raised a substantial question. Specifically, Appellant maintains that the sentencing court violated the Sentencing Code by failing to state sufficient reasons for imposing a sentence outside the sentencing guidelines. This raises a substantial question. *Commonwealth v. Garcia–Rivera,* 983 A.2d 777, 780 (Pa.Super.2009).

■ Appellant argues that the trial court impermissibly relied on the death of Mr. Dennis in aggravating his sentence well beyond the standard guideline range of probation to three months incarceration. In setting forth his argument, Appellant asserts that there was overwhelming evidence that he was remorseful, an excellent prospect for rehabilitation, a first time offender, and had strong family support. Appellant acknowledges that the trial court was aided by a pre-sentence report, but contends that it relied exclusively on the death of Mr. Dennis in sentencing him to the statutory maximum.

The Commonwealth responds that the trial court detailed lengthy reasons for imposing its sentence, including Appellant's escalation of the conflict throughout the evening, preparation of weapons, possession of three separate weapons, consumption of both alcohol and marijuana before the altercation, and causing a death. Therefore, the Commonwealth submits that the sentencing court considered more than the death of Mr. Dennis in fashioning its sentence. We agree.

The record reveals that the court reviewed a pre-sentence report and, therefore, appropriately weighed the requisite sentencing factors. *Commonwealth v. Corley,* 31 A.3d 293 (Pa.Super.2011). The court simply chose to emphasize certain factors more heavily than Appellant's re-

morse, potential for rehabilitation, and his status as a first time offender. *See Commonwealth v. Macias,* 968 A.2d 773 (Pa.Super.2009). This Court cannot disturb a sentence that exceeds the sentencing guideline recommendations unless it is unreasonable. *See* 42 Pa.C.S. § 9781(c); *see also Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957 (2007). In light of the findings relied upon by the sentencing court, its consideration of the pre-sentence report, and the facts and circumstances resulting in Mr. Dennis's death, we cannot conclude that this sentence is unreasonable. Accordingly, we affirm.

Judgment of sentence affirmed.