**The SCHOOL DISTRICT OF PHILADELPHIA,**
Petitioner

v.

**DEPARTMENT OF EDUCATION and Walter D. Palmer Leadership Learning Partners Charter School, Respondents.**

Supreme Court of Pennsylvania.

June 7, 2013.

### ORDER

PER CURIAM.

**AND NOW,** this 7th day of June, 2013, the Petition for Allowance of Appeal is **GRANTED, LIMITED** to the following issue:

> Did the Commonwealth Court err when it held that a cap on student enrollment in a 2005 school charter was valid for school years before 2008 but was invalid for school years after 2008, even though the Charter School Law states that a cap is permissible if "agreed to by the charter school ... as part of a written charter ... whether ... approved prior to or ... subsequent to the [law's] effective date"?

The parties are directed in their briefs to address whether a charter school's signing of a charter that contains a unilaterally imposed cap on enrollment can be considered "implied acquiescence" to that cap, sufficient to satisfy the requirement for an express agreement under 24 P.S. § 17–1723–A(d)(1), or whether something more is required in order to constitute such an express agreement.

Allowance of Appeal is **DENIED** with respect to all remaining issues.

**FURTHER,** Petitioner's application for leave to file a reply brief is **DENIED,** and Petitioner's application for leave to file supplemental authority is **GRANTED.**

**COMMONWEALTH of Pennsylvania,**
Petitioner

v.

**James R. MOORE, Respondent.**

Supreme Court of Pennsylvania.

June 7, 2013.

### ORDER

PER CURIAM.

**AND NOW,** this 7th day of June, 2013, the Petition for Allowance of Appeal is **GRANTED** on the following issues, as stated by Petitioner:

a. Given that inconsistent verdicts are permitted and a jury's verdict may not be interpreted as a finding of specific facts, did the Superior Court err when, in a published decision, it vacated defendant's conviction of possessing an instrument of crime because he was acquitted of other charges?

b. Does the Superior Court's published decision contravene this Court's

precedent by extending *Commonwealth v. Magliocco*, 584 Pa. 244, 883 A.2d 479 (2005), beyond the specific statutory context in which that case was denied?

c.  Should this Court clarify or overrule its decision in *Commonwealth v. Gonzalez*, 515 Pa. 98, 527 A.2d 106 (1987), which has been interpreted in this and other cases as forbidding a conviction of possessing an instrument of crime when the defendant is acquitted of the non-weapons charges?