[J-14-2014] [MO: Todd]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 27 EAP 2013 |
| | : |
| Appellant | : Appeal from the Judgment of the Superior |
| | : Court entered on July 12, 2012, at No. |
| | : 2032 EDA 2010, reversing and remanding |
| v. | : the Judgment of Sentence entered on |
| | : March 16, 2012, in the Court of Common |
| | : Pleas of Philadelphia County, Criminal |
| JAMES R. MOORE, | : Division, at Nos. CP-51-CR-0009849- |
| | : 2008, MC-51-CR-0019450-2008, MC-51- |
| Appellee | : CR-0019451-2008 and MC-51-CR- |
| | : 0019452-2008 |
| | : |
| | : ARGUED: March 12, 2014 |

## CONCURRING OPINION

**MR. JUSTICE BAER**                              **DECIDED: October 30, 2014**

I agree with the Majority's conclusion that Appellee's acquittal of homicide does not warrant a reversal of his conviction for possessing an instrument of crime ("PIC"). Respectfully, however, I disagree with the majority's holding that this case is indistinguishable from Commonwealth v. Gonzalez, 527 A.2d 106 (Pa. 1987), and that it is therefore necessary to overrule Gonzalez to decide correctly this case.

Initially, I agree with the majority that Federal and Pennsylvania jurisprudence have long recognized and supported the notion that acquittals are not tantamount to factual findings and therefore do not render inconsistent verdicts improper so long as there is sufficient evidence presented by the Commonwealth at trial to support the guilty

verdict. Commonwealth v. Carter, 282 A.2d 375, 376 (Pa. 1971) (internal quotation marks omitted) ("[a]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence"); see also Commonwealth v. Miller, 35 A.3d 1206, 1208 (Pa. 2012) (citing Dunn v. United States, 284 U.S. 390, 393 (1932) and United States v. Powell, 469 U.S. 57, 58 (1984)) ("inconsistent verdicts, [ ] under longstanding federal and state law, are allowed to stand so long as the evidence is sufficient to support the conviction"). Thus, I agree with the Majority that the Superior Court improperly extended Commonwealth v. Magliocco, 883 A.2d 479 (Pa. 2005),[1] beyond its statutory context and consequently erred in reversing Appellee's conviction for PIC.

Because inconsistent verdicts are permissible, this case is best framed as a sufficiency of the evidence challenge. Pertinent to the issue before us, the United States Supreme Court has held that review of a sufficiency challenge to a conviction should not involve consideration of acquittal on a different charge as a fact disfavoring a finding of evidentiary sufficiency. Indeed, the majority agrees with this premise: see Maj. Slip Op. at 3; see also Powell, supra, at 67 ("[review of inconsistent verdicts] should be independent of the jury's determination that evidence on another count is sufficient"); accord Carter, supra, at 376 (internal quotation marks omitted) ("[a]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence").

Accordingly, the rule that controls the propriety of inconsistent verdicts is as follows: "[I]nconsistent verdicts . . . are allowed to stand so long as the evidence is sufficient to support the conviction" notwithstanding the defendant's acquittal on an

---

[1]  In Magliocco, supra, at 493, we held that the defendant could not be convicted of terroristic threats but acquitted of ethnic intimidation because the "commission" of terroristic threats was a "specific statutory element of [ethnic intimidation]" i.e., terroristic threats is a "compound offense." Magliocco is distinguishable from the case at bar, which does not involve a compound offense. See 18 Pa.C.S. § 907(a) (PIC statute).

accompanying charge. Miller, supra, at 1208. In determining whether there is sufficient evidence to support a conviction, "the appellate court must view all the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as verdict winner." Commonwealth v. Weston, 749 A.2d 458, 461 (Pa. 2000) (internal quotation marks omitted) (holding that a conviction of voluntary manslaughter did not abrogate the requisite intent for PIC or criminal conspiracy when there was sufficient evidence, notwithstanding the verdicts for the associated crimes, that the defendant armed himself prior to going to the victim's house, showing an intent to threaten or harm the victim). Therefore, the sufficiency of the evidence review in the instant case examines whether the evidence presented at trial, notwithstanding Appellee's acquittal for homicide, was sufficient to sustain his conviction for PIC, and does not view as a relevant consideration Appellee's acquittal on the homicide charge.

The statute governing PIC provides, in pertinent part, "A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S. § 907(a). Notably, PIC, by its definition, is an inchoate crime, meaning that a defendant only has to intend to employ the instrument of crime criminally; a defendant need not actually employ it or complete an associated crime. See Commonwealth v. Andrews, 768 A.2d 309, 317 (Pa. 2001) ("possessing an instrument of crime is an inchoate offense derived from the Model Penal Code").

Relevant to our sufficiency analysis of Appellee's PIC conviction are two cases in particular, Commonwealth v. Gonzalez, 527 A.2d 106 (Pa. 1987) and Commonwealth v. Naranjo, 53 A.3d 66 (Pa. Super. 2012), both of which involved convictions for PIC and an acquittal for murder. In Gonzalez, two gang members entered a store owned by the defendant and threatened to steal a radio from another customer. Id. at 107. The defendant-store owner forced the gang members out of his business, telling them,

"Don't come back around here messing with my customers. I'm going to kill somebody." Id. One of the gang members, the victim, replied that he would "be back for [the defendant]," and shortly thereafter, he returned to the defendant's store with 15-20 fellow gang members. Id. The defendant, armed with a sawed-off shotgun he kept under the counter in the store, fired at the victim, killing him. Police charged the defendant with murder and PIC, and the jury subsequently acquitted him of murder and voluntary manslaughter, but found him guilty of PIC. Id. at 107. On appeal, the Superior Court affirmed his conviction. Commonwealth v. Gonzalez, 503 A.2d 455 (Pa. Super. 1985).

On further appeal, we reversed, holding that "since [the defendant] did not commit a crime with the shotgun, and no other evidence sufficient to support a finding of criminal intent was presented at trial," the Commonwealth did not prove the intent element of PIC. Gonzalez, supra, at 108. The basis of our reversal was, therefore, the lack of sufficient evidence to sustain the PIC conviction, not the failure of the jury to convict defendant of the second charged crime of homicide.

In a more recent Superior Court case, Naranjo, supra, at 68, the defendant and the victim engaged in an argument over the telephone concerning the defendant's girlfriend, whom the victim had previously dated. During the course of the argument, the defendant threatened to kill the victim, and the victim subsequently told the defendant to meet him at a specified location in the City of Philadelphia so that they could "settle the matter." Id. The defendant arrived at the location armed with three weapons: an altered metal ruler, a pair of scissors, and a multipurpose tool containing a pocketknife. Id. The two men fought, and the defendant fatally stabbed the victim with what a medical expert opined was the pocketknife. Id. The defendant admitted to stabbing the victim, but claimed he did so in self-defense. Id. Police charged him with homicide and PIC, and

the jury subsequently acquitted him of the homicide charges but convicted him of PIC. Id.

On appeal, the Superior Court analyzed the defendant's issue using a sufficiency of the evidence framework, considering the precise issue we face here: Whether the evidence is sufficient to support a defendant's conviction for PIC when a jury acquits him of homicide. Id. at 69. The court relied on the Gonzalez rationale while persuasively noting the factual dissimilarities between the two cases. Id. at 69-70. Unlike Gonzalez, where the victim threatened the defendant and brought 15-20 gang members to the defendant's store before he was shot with the defendant's shotgun located in the store, the defendant in Naranjo argued with the victim and threatened him; he then agreed to enter into mutual combat with the victim, and arrived at an agreed-upon location while armed with instruments of crime to do just that. Id. at 70.

Accordingly, the Naranjo court explained that the evidence introduced at trial, standing alone, showed that the defendant "could have possessed the items in order to fight the decedent, without intending to cause his death, acting with the malice necessary to establish murder, or being criminally reckless for purposes of the involuntary manslaughter crime." Id. at 71. Regardless of what crime the defendant intended to commit while possessing the three weapons, the court ultimately held that "the Commonwealth [ ] presented additional evidence aside from the homicide charges which demonstrated an intent to employ the weapons criminally, *i.e.*, [the defendant's] agreement to enter into a mutual fight." Id. at 72.

Examining the facts of the case now before us reveals that it is more in line with Naranjo than Gonzalez. Unlike Gonzalez, Appellee was not approached on his own property by a group of gang members. Rather, just as the defendant in Naranjo argued with his victim and then went to an agreed-upon located to "settle the matter," a review

of the trial record in the light most favorable to the Commonwealth reveals that Appellee "tussled" with another man at a "speakeasy," left the altercation to retrieve a Tec-9 handgun from his vehicle, returned to the establishment and indiscriminately opened fire, hitting three individuals, one of whom suffered 12 gunshot wounds and one of whom died from his injuries. Notes of Testimony (N.T.), January 12, 2010 at 143-48, 205, 221-26; N.T., January 13, 2010 at 15-18, 41-44. At any moment prior to the shootings, Appellee, like the <u>Naranjo</u> defendant, had the opportunity to abort the confrontation on his own by never retrieving the weapon from his car or not returning to the speakeasy, thus preventing the altercation from escalating. Instead, he chose to return to the speakeasy with the weapon and open fire.

The moment Appellee chose to possess the gun as he retrieved it from the trunk of his car is the pertinent temporal point of inquiry to ascertain Appellee's intent for purposes of PIC. The events occurring thereafter are only important because they supported the Commonwealth's theory that when Appellee secured the weapon from his automobile it was with the intent to use it criminally. Moreover, up to that point Appellee had merely been involved in a "tussle." Accordingly, the Commonwealth's evidence was sufficient to demonstrate that Appellee did not retrieve his gun with the belief that he was facing imminent harm;[2] rather, (again viewing this case in a light most favorable to the Commonwealth) he intended to return to the speakeasy to shoot individuals within the facility. Thus, there is ample evidence independent of the homicide charge to support the guilty verdict for PIC.

---

[2] A claim of self-defense requires evidence establishing, *inter alia*, that the defendant "reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm. . ." <u>Commonwealth v. Mouzon</u>, 53 A.3d 738, 740 (Pa. 2012) (quoting <u>Commonwealth v. Samuel</u>, 590 A.2d 1245, 1247-48 (Pa. 1991)).

Moreover, this case is distinguishable from Gonzalez, where the defendant kept a gun in his shop and only retrieved it from under a counter when confronted by 15-20 hostile gang members. Here, viewing the evidence in the light most favorable to the Commonwealth, Appellee possessed the gun without necessity and with the intent to use it unlawfully. Analogous to Naranjo, where the defendant possessed weapons with the intent to fight, Appellee took possession of the gun with the intent to commit a crime. Accordingly, I have no trouble finding that the Commonwealth presented sufficient evidence to support the PIC conviction, notwithstanding Appellee's acquittal of the homicide charge.

Thus, although the Majority reaches the correct result, there was no need for it to overrule Gonzalez, which is factually distinguishable and not controlling herein. To support overturning Gonazalez, the Majority opines that the Gonzalez Court undermined the permissibility of inconsistent verdicts because it "inferred from the defendant's acquittals a specific factual finding with regard to the evidence: that the jury believed the defendant's self-defense claim." Maj. Slip. Op. at 13-14. There is no indication, however, that the Gonzalez Court improperly viewed the acquittal as a fact for purposes of its sufficiency of the evidence analysis. To ascertain whether the defendant possessed the requisite intent for his PIC conviction, the Court looked to evidence presented at trial, including but not limited to the defendant's statement that he was "going to kill somebody" in the context of the altercation, the fact that the shotgun was not shown or employed during the initial exchange with the two gang members, and the location of the defendant's shop, which was in high-crime area of Philadelphia. The Court made one parenthetical reference to the jury's verdict, stating simply that "[The defendant's] statement is consistent with an expression of his preparedness to kill *in self[-]defense* (which is what the jury determined he did in this case)." Gonzalez,

supra, at 108 (emphasis in original). This parenthetical reference only states that the jury's verdict reflected the facts borne out at trial -- that defendant did not intend to commit a crime when he possessed the shotgun -- not that the verdict itself was a fact employed in the Court's analysis of the sufficiency of evidence on the PIC charge. Id.

Accordingly, Gonzalez in no way undermines this Court's long-standing line of precedent permitting inconsistent verdicts. In fact, it is wholly in accord with precedent to that effect because the Court viewed the facts presented at trial to determine whether the evidence was sufficient to show that the defendant had the requisite criminal intent to support his PIC conviction without regard to a guilty verdict for the associated crime and found that it was insufficient.

This Court should not frustrate the fundamental principles of *stare decisis* by overturning a case that does not contravene the doctrinal underpinnings of our existing precedent and is not factually similar in regard to several crucial aspects to the case at bar. Therefore, I concur in the result the Majority has reached, but not in its reasoning.

Former Justice McCaffery did not participate in the decision of this case.