**[J-14-2014][M.O. – Todd, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 27 EAP 2013 |
| | : |
| Appellant | : |
| | : |
| | : Appeal from the Judgment of Superior |
| v. | : Court entered on 7/12/12 at No. 2032 |
| | : EDA 2010 reversing and remanding the |
| JAMES R. MOORE, | : judgment of sentence entered on |
| | : 3/16/10 in the Court of Common Pleas, |
| Appellee | : Criminal Division of Philadelphia County |
| | : at Nos. CP-51-CR-0009849-2008, MC- |
| | : 51-CR-0019450-2008, MC-51-CR- |
| | : 0019451-2008 and MC-51-CR- |
| | : 0019452-2008 |
| | : |
| | : |
| | : |
| | : ARGUED:  March 12, 2014 |

**CONCURRING OPINION**

**MR. JUSTICE SAYLOR**                    **DECIDED:  October 30, 2014**

I have been sympathetic with the Superior Court's efforts to implement the approach delineated by a majority of the Court in Commonwealth v. Magliocco, 584 Pa. 244, 883 A.2d 479 (2005), as I have differences with this Court's continuing assertion that the rationale of Magliocco is self-limiting.  Accord Commonwealth v. Miller, 613 Pa. 584, 597, 35 A.3d 1206, 1214 (2012) (Saylor, J., concurring); Magliocco, 584 Pa. at 268-69, 883 A.2d at 494 (Saylor, J., concurring and dissenting).  Nevertheless, in the time frame in which this case was decided by the intermediate court, i.e., after Miller's issuance, it should be reasonably clear that Magliocco has been effectively limited to its facts.  See Miller, 613 Pa. at 595-96, 35 A.3d at 1213.

As to the decision in <u>Commonwealth v. Gonzalez</u>, 515 Pa. 98, 527 A.2d 106 (1987), I believe that it is subject to multiple, reasonable interpretations, and I have no difficulty with the majority's present disapproval, to the extent that <u>Gonzalez</u> may be read as incorporating the premise that inconsistent verdicts are impermissible. My only caveat is that I continue to recognize that there are mixed policy considerations attending the longstanding practice of accepting inconsistent verdicts, and, thus, I would not foreclose further review of such approach, upon developed policy argumentation on an order of which we are not generally seeing in this line of cases. <u>Accord</u> <u>Miller</u>, 613 Pa. at 597, 35 A.3d at 1214 (Saylor, J., concurring); <u>Magliocco</u>, 584 Pa. at 268-69, 883 A.2d at 494 (Saylor, J., concurring and dissenting).