J-S29025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| YASSIN HAYTHAME MOHAMAD | |
| Appellant | No. 1480 WDA 2015 |

Appeal from the Judgment of Sentence December 14, 2007
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000399-2007

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                          **FILED JUNE 23, 2016**

Appellant, Yassin Haythame Mohamad, appeals *nunc pro tunc* from the judgment of sentence imposed after a jury convicted him of two counts each of attempted homicide, aggravated assault, and simple assault arising from an altercation he had with corrections officers. Mohamad argues that the evidence at trial was insufficient to support a finding of malice, and further that the sentence imposed by the trial court was illegal. After careful review, we conclude that neither claim has merit, and therefore affirm.

In May 2006, Mohamad was imprisoned at SCI-Fayette pursuant to sentences imposed in Philadelphia, Luzerne, and Cumberland Counties. At the time, he was housed in the Long Term Segregation Unit ("LTSU"), where

_____

[*] Former Justice specially assigned to the Superior Court.

he was under constant surveillance and segregated completely from other prisoners. For one hour each day, Mohamad was permitted to exit his cell into an attached solitary recreational cage.

On May 23, 2006, two corrections officer were engaged in a search for contraband in Mohamad's cage prior to allowing Mohamad entry. However, during their search, the door to Mohamad's cell burst open and Mohamad attacked the two officers with a large shank. Mohammad stabbed both officers in their torsos during the altercation, and both officers suffered serious injuries.

A jury found Mohamad guilty on all charges, and on December 14, 2007, the trial court sentenced Mohamad to an aggregate term of incarceration of 20 to 40 years, to be served consecutively to the sentences he was already serving. This Court dismissed Mohamad's appeal for failure to file a docketing statement on April 9, 2008.

Mohamad filed a *pro se* petition pursuant to the Post Conviction Relief Act on February 5, 2009. The docket entries do not reveal that the PCRA court took any action on Mohamad's petition before Mohamad filed a second petition on August 28, 2014. The PCRA court dismissed this second petition as untimely.

On appeal, this Court held that the August 28, 2014 petition must be treated as an amendment to the still pending February 5, 2009 petition. We therefore vacated the PCRA court's order and remanded for further

proceedings. Upon remand, the PCRA court found that Mohamad had been denied effective assistance of counsel in securing his direct appeal, and therefore restored his direct appeal rights *nunc pro tunc*. This appeal followed.

On appeal, Mohamad raises two issues for our review. First, he argues that the evidence at trial was insufficient to support his convictions for attempted homicide. Specifically, Mohamad contends that "there was no indication of malice, but rather the actions of a man attempting to protect himself from the assault by two officers who wanted to harm him because of a past incident." Appellant's Brief, at 23.

In reviewing a challenge to the sufficiency of the evidence, "[w]e must determine whether the evidence admitted at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support all of the elements of the offense beyond a reasonable doubt." **Commonwealth v. Cooper**, 941 A.2d 655, 662 (Pa. 2007).

Our scope of review is plenary. **See Commonwealth v. Weston**, 749 A.2d 458, 460 n.8 (Pa. 2000). We may not weigh the evidence and substitute our judgment for the fact-finder's, as the fact-finder solely determines the credibility of witnesses and is free to believe all, part or none of the evidence submitted. **See Cooper**, 941 A.2d at 662. "This standard is equally applicable to cases where the evidence is circumstantial rather than

direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Swerdlow*, 636 A.2d 1173, 1176 (Pa. Super. 1994) (citation omitted).

To sustain an attempted homicide conviction the Commonwealth must prove the accused has "commit[ed] an act that is a substantial step towards the commission of the crime with a specific intent to kill." *Commonwealth v. Dale*, 836 A.2d 150, 152-153 (Pa. Super. 2003). The intent necessary for establishing attempted murder is a specific intent to kill. *See Commonwealth v. Geathers*, 847 A.2d 730, 735-736 (Pa. Super. 2004). "[T]he law permits the fact finder to infer that one intends the natural and probable consequences of his acts[.]" *Commonwealth v. Jackson*, 955 A.2d 441, 444 (Pa. Super. 2008). Thus, "[s]pecific intent to kill can be proven where the defendant knowingly applies deadly force to the person of another." *Commonwealth v. Stokes*, 78 A.3d 644, 650 (Pa. Super. 2013) (citation omitted). More particularly, specific intent to kill "may be established through circumstantial evidence such as the use of a deadly weapon on a vital part of the victim's body." *Id*. (citation omitted).

Corrections Officer Thomas Jellots testified that Mohamad exited his cell and "rushed at [Corrections Officer Floyd] Addis with his hand raised in the air." N.T., Trial, 12/6-10/07, at 136. Corrections Officer John Albright testified that Mohamad was holding a one-inch wide shank that was about 10 inches long. *See id*., at 94. Officer Jellots was cut on the side of his neck,

on his right trapezius, his right shoulder, and his right wrist. *See id*., at 138. Officer Addis received a two inch wide by two inch deep stab wound in his shoulder. *See id*., at 111. Multiple witnesses testified to Mohamad yelling his intent to kill the Officers during the altercation. *See id*., at 66, 109. We conclude that this evidence, believed by the jury, is more than sufficient to sustain a finding that Mohamad acted with a specific intent to kill. Mohamad's first issue on appeal thus merits no relief.

Next, Mohamad contends that the sentences imposed by the trial court were illegal, as they were mandatory minimums that violated ***Alleyne v. United States***, 133 S. Ct. 2151 (2013). However, the Commonwealth and the trial court both state that the sentences imposed were not mandatory minimums; rather, the sentences were purely discretionary sentences. A review of the sentencing guideline forms signed by the trial court supports this statement, as the box labeled "mandatory" was left blank.[1]

As there is no indication that Mohamad received a mandatory minimum sentence, his argument based upon ***Alleyne*** is irrelevant. We therefore conclude that Mohamad's second issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

_____

[1] We note that the sentencing transcripts are not included in the certified record, nor did counsel request them when filing this appeal. However, Mohamad does not cite to them, and given the rest of the record, we did not require them to determine that Mohamad's second issue was meritless.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2016