J-S36008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERRY PRATT | |
| Appellant | No. 1078 WDA 2014 |

Appeal from the Judgment of Sentence January 23, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000065-2012
CP-02-CR-0005852-2011
CP-02-CR-0005853-2011
CP-02-CR-0010226-2013
CP-02-CR-0014754-2011
CP-02-CR-0014969-2011
CP-02-CR-0015464-2011
CP-02-CR-0015517-2011
CP-02-CR-0016526-2010

---

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERRY PRATT | |
| Appellant | No. 1970 WDA 2014 |

Appeal from the Judgment of Sentence January 23, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000065-2012
CP-02-CR-0005852-2011
CP-02-CR-0005853-2011
CP-02-CR-0014754-2011
CP-02-CR-0014969-2011
CP-02-CR-0015464-2011

CP-02-CR-0015517-2011
CP-02-CR-0016526-2010

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.*

MEMORANDUM BY PANELLA, J.                    **FILED JULY 8, 2015**

Appellant, Jerry Pratt, seeks review of the judgment of sentence entered by the Allegheny County Court of Common Pleas after his conviction for theft of services and identity theft, and the re-sentences imposed after the consequent revocation of probation on eight prior convictions.  We affirm.

Pratt was charged with one count each of identity theft and theft of services in connection with his use of the false name "Dallas Shocky," a false social security number, and a false date of birth, in order to obtain services from the University of Pittsburgh Medical Center ("UPMC") in November 2012.  He entered an open guilty plea, and waived a pre-sentence report. He was subsequently sentenced within the standard guideline range to a term of 9 to 18 months' incarceration for theft of services.  No penalty was imposed for the identity theft conviction.

Because of those convictions, the trial court revoked Pratt's terms of probation he had been serving on eight other convictions.[1]  He was re-

_____

*Retired Senior Judge assigned to the Superior Court.

[1] Pratt had previously pled guilty to numerous fraud offenses in connection with the unauthorized use of several people's credit cards during 2010 and 2011. **See** Commonwealth's Brief.  In connection with two of those prior
*(Footnote Continued Next Page)*

sentenced to consecutive terms of 8 to 16 months' incarceration on each of seven of the eight prior convictions. Combined with his sentence for theft of services, Pratt received an aggregate sentence of 65 months' to 130 months' imprisonment. After the denial of his post-sentence motion, Pratt filed timely notices of appeal with this Court.[2] We granted Pratt's subsequent motion to consolidate the appeals.

Pratt challenges the discretionary aspects of his sentence. He avers that the "trial court abused its discretion in sentencing Mr. Pratt in the aggregate to 65 to 130 months['] incarceration following his probation violation hearing on January 23, 2014, by not adequately considering Mr. Pratt's nature, characteristics or rehabilitative needs, as well as constructing an excessive sentence by running all nine sentences in this case consecutively." Appellant's Brief at 42.

The sentencing court has broad discretion in sentencing a defendant, and appellate courts apply a deferential standard of review in determining whether the lower court abused its discretion. ***See Commonwealth v.***

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

crimes, he had used the false name "Dallas Shocky." ***See*** Commonwealth Brief, quoting the notes of testimony from prior plea proceedings.

[2] Pratt's right to appeal the eight probation violation cases was granted *nunc pro tunc* after he filed a petition pursuant to the Post Conviction Relief Act. The appeal of those eight cases is docketed at 1970 WDA 2014. The appeal of the judgment of sentence entered after his guilty plea is docketed at 1078 WDA 2014.

*Pasture*, 107 A.3d 21, 27 (Pa. 2014). Appellate review of the discretionary aspects of a sentence will be granted only if this Court determines that the appellant has presented a substantial question that the sentence was not appropriate under the sentencing code. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014). A defendant must present in his appellate brief "a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm." *Id*. at 1269 (citing *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa. Super. 2012)). "The imposition of consecutive rather than concurrent sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa. Super. 2010).

The sentencing court stated the following after imposing its consecutive terms of incarceration:

> So the aggregate sentence from my calculation, the total is 65 to 130 months. [The] [c]ourt believes that at this juncture the protection of society demands such a sentence, Mr. Pratt having refused to conform his conduct to the dictates of society and representations he made to this [c]ourt and the impact of the crimes on various victims here, each sentence consecutive in light of separate offenses as to separate victims.

Notes of Testimony-Sentencing, 1/23/14, at 14.

- 4 -

Pratt avers that the "criminal conduct for the offense which violated Mr. Pratt['s probation] … did not call for such an excessive sentence." Appellant's Brief at 38-39. He further avers that the trial court abused its discretion "by not adequately considering Mr. Pratt's nature, characteristics or rehabilitative needs." *Id*. at 42. In support, he repeats the reason he gave a false name, social security number, and date of birth at the hospital.

The offense that resulted in the revocation of Pratt's parole is not at issue here. His complaint pertains only to the consecutive re-sentences imposed for the offenses he had committed for which he had been serving probation. However, Pratt does not inform us what crimes he had committed for which he had been serving probation, what sentences had been originally imposed for his eight prior crimes, or where in the guideline ranges any of his re-sentences fall. We are, thus, unable to determine whether Pratt's new sentence is "an extreme circumstance, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Moury***, ***supra***. As a result, we conclude Pratt has not raised a substantial question that merits further review.[3]

_____

[3] Pratt does acknowledge that the trial court stated on the record "that it took into account all statements made on behalf of Mr. Pratt, the victim impact statements, and 'his rehabilitative needs, potential, the impact of the crime on the victims and the protection of society[.]'" Appellant's Brief at 44. He does not acknowledge that his own attorney acknowledged on the record that the sentencing judge was "well aware of" Pratt's background. Notes of Testimony – Plea, 1/15/14, at 8. We note that "following

*(Footnote Continued Next Page)*

Judgment of sentence affirmed at 1078 WDA 2014 and 1970 WDA 2014.

Judge Strassburger joins the memorandum.

Judge Jenkins concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/8/2015

_(Footnote Continued)_ ─────────────

revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence.… Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing." ***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014).