J-A16007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MELVIN VALLE, | |
| Appellant | No. 143 EDA 2014 |

Appeal from the Judgment of Sentence December 12, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0015039-2012

BEFORE: LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　　　　　　**FILED JULY 24, 2015**

Appellant, Melvin Valle, appeals from the judgment of sentence entered after his jury conviction of one count of violating the Uniform Firearms Act (VUFA),  person not to possess a firearm, 18 Pa.C.S.A. § 6105. Appellant challenges the admissibility of certain evidence.  We affirm.

We derive the following recitation of facts from the trial court's June 30, 2014 opinion:

> [Appellant's] case arose from observations made by two Philadelphia Police Officers, while on patrol.  Two Philadelphia Police Department police officers, a firearms expert, and a detective testified for the Commonwealth.
>
> On November 19, 2012 at approximately 8:30 P.M., Philadelphia Police Officers James Wheeler ("Officer Wheeler")

---

[*] Retired Senior Judge assigned to the Superior Court.

and Matthew Hagy ("Officer Hagy") were on patrol during an overtime detail. In a marked police car and in full uniform Officers Wheeler and Hagy were westbound on the 1200 block of W. Chew Avenue. Officer Wheeler was the driver and Officer Hagy was the recorder. Officer Hagy observed [Appellant] walking westbound holding a gun in his right hand. Officer Hagy said to Officer Wheeler: ". . . I think he has a gun." Not wanting to startle [Appellant], Officer Wheeler drove past while he watched [Appellant] in the rearview mirror, transfer the weapon from his right hand to this left, and conceal it under a jacket he was carrying. Officer Hagy saw the transfer by looking over his shoulder. The Officers began to make a U-turn and lost sight of [Appellant] for a few seconds, as he walked into an alleyway. Officer Wheeler drove back towards [Appellant] where the Officers then exited the vehicle. [Appellant] was leaving the alley with a jacket in his hand. [Appellant] dropped his jacket and said: "I didn't do anything wrong. I was just taking a piss in the alley." Officer Hagy grabbed [Appellant's] arm, walked him over to the patrol car and conducted a frisk. After [Appellant] was secured in the back of the patrol car, Officer Wheeler went into the alleyway and found the firearm in a trash can.

Before opening, the Commonwealth asked for mutual sequestration. [Appellant's] counsel agreed and asked that Officer Wheeler not have any communication about the case with Officer Hagy. Before testifying, Officer Hagy was given a case file to review, in which he read prior testimony from Officer Wheeler. [Appellant] moved for mistrial based upon a violation of the Court's sequestration order and, upon denial of that motion, moved to bar Officer Hagy from testifying; that motion was also denied.

Following a stipulation to his expertise, Philadelphia Police Officer Lawrence Flagler ("Officer Flagler") testified as a firearms expert. On direct examination, Officer Flagler testified that he examined the weapon and it was operable. On cross, [Appellant] asked Officer Flagler how a firearm would be handled if it were to be tested for fingerprints or DNA. On re-direct, after objecting to the previous question, the [prosecution] asked Officer Flagler what the chances were of recovering fingerprints from the firearm, which then prompted [Appellant's] objection. Still on re-direct, Officer Flagler testified, based on his personal experience as a police officer and not as an expert, that his opinion of the viability of recovering fingerprints from the gun

- 2 -

recovered in this case was based on periodicals he had read that were written by examiners in the field. On re-cross, [Appellant] asked Officer Flagler to identify the periodicals he had read and then further questioned him about his reading and how it could relate to the firearm recovered in this case.

Finally, there was a stipulation as to [Appellant's] conviction of a crime that made him a person prohibited under law to carry a firearm.

(Trial Court Opinion, 6/30/14, at 2-4) (record citations and footnotes omitted).

Officer Hagy's testimony diverged from his original police report, which stated that Officers Hagy and Wheeler exited the vehicle before Appellant had left the alley. (*See* N.T. Trial, 10/17/13, at 26). Officer Hagy read the earlier testimony in preparation for trial. (*See id.* at 4). He then noticed the discrepancy between his report and Officer Wheeler's testimony and so informed the assistant district attorney he wished to change his testimony. (*See id.* at 4-5). The assistant district attorney then informed the court and Appellant's counsel about the change. (*See id.* at 5-6). Counsel for Appellant then made a motion to preclude Officer Hagy from testifying, which the court denied. (*See id.* at 6-7, 12). The court allowed Officer Hagy to testify, but gave a cautionary instruction to the jury. (*See id.* at 16, 55). "We want to go on record and make a note that the court takes judicial notice that prior to yesterday Officer Hagy acknowledged making a mistake in his paper work." *Id.* at 55. Both the Commonwealth and the defense agreed to the statement.

On October 17, 2013, a jury convicted Appellant of one count of VUFA, 18 Pa.C.S.A. § 6105, person not to possess a firearm, as previously noted. On December 12, 2013, the court sentenced Appellant to a term of not less than four to no more than eight years' incarceration, plus two years' probation, to run consecutively. Appellant timely appealed.[1]

Appellant raises two questions for our review:

1. Did not the trial court abuse its discretion in denying [A]ppellant's motion to preclude Officer Hagy from testifying at trial due to his violation of the court's sequestration order, where just before testifying, the officer read the transcribed suppression hearing testimony of Officer Wheeler, saw that it conflicted with Officer Hagy's own police report, and then told the prosecutor that his report was mistaken and that he planned to testify consistently with the testimony of Officer Wheeler, who testified at trial the previous day?

2. Did not the trial court err and abuse its discretion in permitting the Commonwealth to elicit from a firearms examiner his opinion regarding fingerprint removal, as the witness conceded he had no expertise in that field, and lay opinion testimony on such a highly technical topic was not permitted under the Pennsylvania Rules of Evidence and common law?

(Appellant's Brief, at 3).

In Appellant's first question, he claims that the trial court erred in denying his motion to preclude by allowing Officer Hagy to testify after he

_____

[1] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on April 22, 2014. *See* Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on June 30, 2014. *See* Pa.R.A.P. 1925(a).

reviewed Officer Wheeler's prior testimony. (*See id.* at 3). Specifically, he argues that this review violated the sequestration order and that the trial court should have precluded Officer Hagy's testimony. (*See id.* at 10-11). We disagree.

Our standard of review for a challenge to the admissibility of evidence is well settled:

> It is well settled that the admission or rejection of [ ] evidence is within the sound discretion of the trial court. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion [that] overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Davido*, 106 A.3d 611, 645 (Pa. 2014) (citations and quotation marks omitted).

We review the trial court's decision whether to allow a witness, who purportedly violated a sequestration order, to testify under the following standard:

> Once a sequestration order is in effect and a possible violation is brought to the courts' attention, the trial court must determine, as a question of fact, whether there has been a violation and, if so, the remedy required. In deciding whether to allow a witness who violates a sequestration order to testify, the trial court should consider the seriousness of the violation, its impact on the testimony of the witness, the probable impact on the outcome of the trial, whether the witness intentionally disobeyed the order, and whether the party calling the witness procured the disobedience.

*Commonwealth v. Schwartz*, 615 A.2d 350, 357 (Pa. Super. 1992), *appeal denied,* 629 A.2d 1379 (Pa. 1993) (citing *Commonwealth v. Stinnett*, 514 A.2d 154 (Pa. Super. 1986).

Further, "[i]f a violation of a sequestration order is found, the remedy is a matter left to the discretion of the trial court, and it is within the sound discretion of the trial court whether to allow the witness to testify with proper cautionary instruction." *Commonwealth v. Marinelli*, 690 A.2d 203, 219 (Pa. 1997). The jury is "presumed to follow the court's instructions." *Commonwealth v. Naranjo*, 53 A.3d 66, 71 (Pa. Super. 2012) (citation omitted).

Here, the trial court found that the violation was not serious because the Commonwealth had already presented overwhelming evidence to convict Appellant. (*See* Trial Ct. Op., at 7). The trial court found that the changed portion of the testimony had no impact on the relevant part of the Commonwealth's case. (*See id.*). Rather, the change in testimony only related to the position of the officers either in or out of the police car when Appellant entered the alley. (*See id.*). Notably, the testimony that Officer Hagy saw Appellant with a gun remained unchanged. (*See* N.T. Trial, 10/17/13, at 26). Officer Hagy did not discuss the trial with Officer Wheeler, but instead only reviewed Officer Wheeler's testimony from the preliminary hearing or the hearing on the motion to suppress. (*See* Trial Ct. Op., at 6, n.7). Additionally, the prosecution explicitly told Officer Hagy not to discuss

- 6 -

the case with Officer Wheeler. (**See** N.T. Trial, 10/17/13, at 10). Moreover, the court gave the jury an agreed on statement taking judicial notice of Officer Hagy's review. "[T]he jury took the violation of sequestration into account when weighing Officer Hagy's testimony." (Trial Ct. Op., at 7).[2]

The court cautioned the jury to consider Officer Hagy's review after giving judicial notice of that fact. (**See id.**) The trial court reasoned that its notice was, in effect, equivalent to a cautionary instruction, which made the jury aware of Officer Hagy's review and the inconsistency between his report and Officer Wheeler's testimony. (**See** N.T. Trial, 10/17/13, 52-55). Notably, both defense and Commonwealth agreed to a statement of judicial notice, which the trial court gave. (**See id.** at 53-54). Therefore, Appellant has waived the issue. Additionally, we observe that even after considering this information, the jury voted to convict.

On independent review, we conclude that the trial court properly admitted Officer Hagy's testimony with a statement to the jury, agreed on by both parties. The statement sufficiently informed the jury of the inconsistency between Officer Hagy's written report and his trial testimony. We discern no abuse of discretion. Admission of Officer Hagy's testimony

_____

[2] Although the trial court and defense counsel assumed a violation of the sequestration order occurred. We conclude on independent review that the record does not support that conclusion.

- 7 -

was within the sound discretion of the trial court. *See Davido, supra* at 645. Appellant's first claim is without merit.

In Appellant's second question, he claims that the trial court erred in admitting testimony by Officer Flagler regarding fingerprints. (*See* Appellant's Brief, at 3). Officer Flagler testified about the difficulty of recovering fingerprints from a handgun based on knowledge from periodicals. (*See* Trial Ct. Op. at 9-10). (*See also* N.T. Trial, 10/16/13, at 126-29). Appellant claims that allowing Officer Flagler's testimony was improper because he was not an expert on fingerprints and he was testifying as a lay witness to a technical issue. (*See* Appellant's Brief, at 20). We disagree.

As already noted, we review a challenge to the admissibility of evidence for abuse of discretion. *See Davido, supra*, at 645.

Pennsylvania Rule of Evidence 701 states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are rationally based on the perception of the witness, helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701; *see also Commonwealth v. Huggins*, 68 A.3d 962, 967 (Pa. Super. 2013), *appeal denied*, 80 A.3d 775 (Pa. 2013), ("[T]he rules [of evidence] do not preclude a single witness from testifying, or offering

opinions, in the capacity as both a lay and an expert witness on matters that may embrace the ultimate issues to be decided by the fact-finder.").

Here, Officer Flagler testified about the methods used by the Philadelphia Police Department to handle weapons that may have fingerprints. (*See* N.T. Trial, 10/16/13, at 116-17). He further testified on the difficulty of finding fingerprints on corroded guns, like the one in the instant case. (*See id.* at 128).

Officer Flagler testified that he did not consider himself an expert in fingerprints and DNA. (*See id.* at 126). He therefore testified on these subjects as a lay witness, subject to Pa.R.E. 701. (*See id.* at 126-27); *see also Huggins, supra* at 967. Officer Flagler repeatedly stated that he was not an expert in either field. (*See* N.T. Trial 10/16/13, at 130). Moreover, Officer Flagler's specific testimony related to a firearm's surface material and texture, two topics of which he had undisputed expertise and technical knowledge. (*See id.* at 128-29).

Further, if defense counsel opens the door to a line of questioning on cross-examination, the trial court may permit the Commonwealth to continue the line of questioning on re-direct examination. (*Commonwealth v. Smith*, 17 A.3d 873, 914 (Pa. 2011).

> Additionally, the trial court has discretion on the scope of re-direct examination. The scope of redirect examination is largely within the discretion of the trial court. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. Moreover, when a party raises an issue on

- 9 -

cross-examination, it will be no abuse of discretion for the court to permit re-direct on that issue in order to dispel any unfair inferences.

*Commonwealth v. Fransen*, 42 A.3d 1100, 1117 (Pa. Super. 2012), *appeal denied*, 76 A.3d 538 (Pa. 2013) (internal citations and quotation marks omitted). Therefore, the court has discretion to present re-direct examination to address evidentiary issues to which defense counsel by cross-examination has already opened the door. (*See Smith, supra*, at 914).

In the instant case, counsel for Appellant, on cross-examination, asked Officer Flagler about DNA and fingerprinting on firearms. (*See* N.T. Trial, 10/16/13, at 116-17). Specifically, Appellant's counsel asked about the procedures in place to detect fingerprints and DNA from a gun submitted as evidence. (*See id.*). The prosecution objected to this line of questioning, but the trial judge allowed it, and Appellant's counsel continued to cross-examine Officer Flagler. (*See id.* at 117). On re-direct, the prosecutor asked Officer Flagler what the chances were of recovering fingerprints from the firearm. He responded that in this case the chances were low. (*See id.* at 124). After this answer, counsel for Appellant objected to the line of questioning. The trial court overruled, and allowed Officer Flagler to answer. (*See id.* at 124-25). The court concluded that Appellant's counsel introduced the subject of fingerprints when he questioned Officer Flagler about DNA and fingerprints. (*See id.* at 125). On review, we conclude that

trial court correctly determined that defense counsel opened the door to the line of questioning on cross-examination.  (***See Smith, supra***, at 914).

Upon review, we conclude that because Officer Flagler testified as a lay witness, and because Appellant's counsel opened the door to questioning, the trial court did not err in allowing him to testify about fingerprints and DNA.  Appellant's second claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/2015