J-S62002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH BROWN, | |
| Appellant | No. 455 EDA 2013 |

Appeal from the Judgment of Sentence entered January 15, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0008751-2012

BEFORE: ALLEN, OLSON, and OTT, JJ.

MEMORANDUM BY ALLEN, J.: **FILED SEPTEMBER 26, 2014**

Keith Brown ("Appellant") appeals from the judgment of sentence imposed after the trial court convicted him of possession with intent to deliver a controlled substance and intentional possession of a controlled substance.[1] We affirm.

The trial court summarized the relevant facts as follows:

> On July 5, 2012 at approximately 4:55 p.m., Officer Daniel Adams was conducting surveillance for illegal narcotics at 1102 West Somerville Avenue in Philadelphia, Pennsylvania. At approximately 5:15 p.m., Officer Adams witnessed a male identified as Quentin Thompson hand [Appellant] an unknown amount of United States Currency in exchange for unknown small objects [Appellant] took out of a clear bag from his left-hand pocket. At approximately 5:25 p.m., Officer Adams witnessed a male identified as Larry Goodman approach [Appellant] on a bicycle. [Appellant] descended down the stairs

---

[1] 35 P.S. §§780-113(a)(30) and (16) respectively.

in front of 1102 West Somerville Avenue to meet the male. [Appellant] accepted an unknown quantity of United States Currency in exchange for unknown objects taken out of a clear plastic bag from his left-hand pocket.

After the second transaction, [Appellant] walked away from 1102 West Somerville Avenue. Officer Tyrick Armstead proceeded to arrest [Appellant] in the middle of the street at 5200 Tenth Street, approximately one and a half to two blocks away from 1102 West Somerville [Avenue]. At the time of the arrest, [Appellant] had thirty four ($34.00) dollars on his person. Nothing else was recovered from [Appellant].

Officer Deirdre Still recovered one clear Ziploc bag containing white chunks weighing 106 milligrams that tested positive for cocaine base from Mr. Thompson. Officer Still also recovered one clear Ziploc bag containing white chunks weighing 130 milligrams that also tested positive for cocaine base from Mr. Goodman.

Trial Court Opinion, 4/2/14, at 1-2 (citations to notes of testimony omitted).

The Commonwealth charged Appellant with possession with intent to deliver a controlled substance and intentional possession of a controlled substance. The trial court convened a bench trial on January 15, 2013, after which the trial court rendered its guilty verdicts and sentenced Appellant to eighteen (18) months of probation on the possession with intent to deliver a controlled substance charge, with no further penalty on the intentional possession of a controlled substance charge. *See* N.T., 1/15/13, at 72-73. Appellant did not file a post-sentence motion. On February 4, 2012, he filed a timely notice of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises a single issue on appeal:

Was not the evidence insufficient as a matter of law to sustain appellant's conviction for possession with the intent to deliver and knowing and intentional possession of a controlled substance where there were no drugs founds on appellant or in the area he occupied and all that was recovered from appellant was $34?

Appellant's Brief at 4.

The essence of Appellant's argument is that the evidence was insufficient to support his convictions because "there were no drugs recovered from [Appellant] or the area he occupied and … only $34 was recovered from Appellant", such that the "presented evidence did not foreclose equally reasonable explanations for Mr. Thompson's and Mr. Goodman's possession of crack." *Id*. at 10, 18. Appellant further asserts that "there was a chance that the buyers got their drugs from appellant and just as good a chance that they didn't", and that Appellant's convictions are not supported where "the prosecution's proof leaves the trier of fact faced with contrary but equally reasonable inferences…" *Id*. at 13.

We initially note that to the extent Appellant challenges the trial court's inferences and credibility determinations, such challenge goes to the weight of the evidence. **Commonwealth v. Wilson**, 825 A.2d 710, 713-714 (Pa. Super. 2003) (a review of the sufficiency of the evidence does not include an assessment of the credibility of testimony, such claim goes to the weight of the evidence). Because Appellant has not raised a weight claim before either the trial court or this Court, it is waived. Pa.R.Crim.P. 607(A); Pa.R.A.P. 1925(b). However, even had Appellant preserved a weight claim,

such claim would be meritless in this case because this Court cannot substitute its judgment for the trial court as the finder of fact. **_Commonwealth v. Holley_**, 945 A.2d 241, 246 (Pa. Super. 2008).

To the extent Appellant raises a sufficiency claim, we must view the evidence, together with all reasonable inferences therefrom, in a light most favorable to the Commonwealth as the verdict winner. **_Commonwealth v. Weston,_** 749 A.2d 458, 461 (Pa. 2000). If the fact finder – in this case the trial court – could have reasonably determined from the evidence that the necessary elements of the crimes were established, then the evidence is sufficient to support the convictions. **_Id_**. Upon review, we find that the trial court was presented with sufficient evidence from which it could find that the elements of Appellant's charged crimes were established beyond a reasonable doubt.

To find a defendant guilty of possession with the intent to deliver, 35 P.S. § 780-113(a)(30), the Commonwealth must prove that the defendant possessed a controlled substance and did so with the intent to deliver it. **_Commonwealth v. Conaway_**, 791 A.2d 359, 362 (Pa. Super. 2002). The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case. **_Id_**. at 362-363.

To sustain a conviction for intentional possession of a controlled substance, 35 P.S. § 780-113(a)(16), the Commonwealth must prove that the defendant knowingly and intentionally possessed the controlled

substance. ***Commonwealth v. Valette***, 613 A.2d 548, 549-550 (Pa. 1992).

The record reveals the following: Philadelphia Police Officer Daniel Adams testified that at 4:55 p.m. on July 5, 2012, he "set up a [plainclothes] surveillance for illegal narcotics." N.T., 1/15/13, at 13. Officer Adams was "about 20 feet" from Appellant at 5:15 p.m., when he witnessed Quentin Thompson "hand [Appellant] an unknown amount of United States Currency", after which Appellant "reached into his left-hand pocket and removed a clear bag, removed small objects from that bag and handed them to Mr. Thompson." *Id*. at 13-14, 21, 24. Officer Adams testified that approximately ten minutes later, at 5:25 p.m., Larry Goodman bicycled toward Appellant, and "passed [Appellant] United States currency." *Id*. at 15. Officer Adams, again from 20 feet away, observed Appellant remove "from his left pants pocket a clear bag, removed small objects from that bag and passed them to Mr. Goodman." *Id*.

Philadelphia Police Officer Dierdre Still testified to working on July 5, 2012 "in a takedown capacity for a surveillance already in progress." *Id*. at 30-31. Officer Still testified to apprehending Mr. Goodman "about a block, if that" from the surveillance site, and recovering crack cocaine from Mr. Goodman. *Id*. at 33.

Philadelphia Police Officer Tyrick Armstead testified to working plainclothes narcotic surveillance on July 5, 2012, and being given information to stop Appellant. *Id*. at 41-42. Officer Armstead testified to

stopping Appellant and recovering $34 from Appellant's right pocket. *Id*. at 42.

Philadelphia Police Officer Mark Robinson testified to being part of an "arrest team on surveillance" on July 5, 2012, and "plac[ing] into custody Quentin Thompson and recover[ing] from his right front pants pocket one clear Ziploc baggie containing alleged crack cocaine…" *Id*. at 47. Officer Robinson estimated that "at least 20 minutes" passed from when "the flash of [Mr. Thompson] was given out" and when Officer Robinson arrested Mr. Thompson. *Id*. at 51.

Counsel stipulated that 106 milligrams of cocaine were recovered from Mr. Thompson and 130 milligrams of cocaine were recovered from Mr. Goodman. *Id*. at 52-54.

Appellant did not present any witnesses in his defense.

Based on the testimony presented by the Commonwealth, the trial court reached its guilty verdicts and offered the following rationale:

> [The trial] court considers the observations made by the narcotics surveillance team to be direct evidence of guilt. [Appellant] was observed by the specialized team making *two* hand-to-hand transactions, which resulted in [Appellant] accepting unknown quantities of United States Currency. In addition, the same type of drug with the same packaging was recovered from both of the buyers observed by the surveillance team. The two transactions coupled with the similar packaging of the crack cocaine obtained from the buyers established [Appellant's] constructive possession of the illegal narcotics. The combination of this evidence links [Appellant] to the crime beyond a reasonable doubt.
>
> Although no drugs were recovered from [Appellant], it is reasonable to believe that [Appellant] exhausted his supplies

- 6 -

after the second transaction. The officers that arrested [Appellant], Mr. Thompson, and Mr. Goodman were able to keep close observation of all three individuals during the transaction. The officers' close observation of the three individuals leaves no reasonable doubt that Mr. Thompson and Mr. Goodman purchased the crack cocaine from [Appellant]. Viewing the totality of the evidence, the [trial c]ourt concluded that [Appellant] had constructive possession of the crack cocaine that he sold to Mr. Thompson and Mr. Goodman.

Trial Court Opinion, 4/2/14, at 4.

The trial court's reasoning is supported by the aforementioned Pennsylvania statutory and case law, as well as the evidence of record. We therefore find no merit to Appellant's sufficiency claim and affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014