J-S62008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ISIAH JOSHUA SMITH, | |
| Appellant | No. 1982 WDA 2014 |

Appeal from the Judgment of Sentence July 2, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0011065-2013

BEFORE: GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED NOVEMBER 30, 2015**

Appellant, Isiah Joshua Smith, appeals from the judgment of sentence imposed following his bench conviction of one count of voluntary manslaughter.[1] We affirm.

This case arises from the shooting death of Zachary Sheridan, which was captured on videotape surveillance footage.[2] The relevant factual and procedural history is as follows. On August 3, 2013, at approximately 2:30 a.m., Sheridan, and his friends, Nicholas Rotunda and Chad Keller, took a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2503(b).

[2] Those present at the scene gave conflicting accounts of the incident and the court found that "none of the participants who testified were particularly credible." (Trial Court Opinion, 3/09/15, at 10).

taxi to a hot dog shop in the Oakland neighborhood of Pittsburgh. The men were celebrating the birthday of a friend and had been drinking alcohol. At approximately 3:00 a.m., Rotunda unsuccessfully attempted to hail a cab, and he began approaching vehicles and asking for a ride home. One female driver, Rhonda Williams, became upset after Rotunda approached her, went into the hot dog shop, and returned with three men, including Appellant. Videotape surveillance footage shows that at 3:25 a.m., a fight between the two groups ensued. During the altercation, Appellant pushed Rotunda, and Sheridan punched Appellant and pushed him against a wall. As Sheridan was retreating, Appellant pulled out a handgun and shot him in the left back shoulder region. Sheridan was unarmed.

On March 31, 2014, Appellant proceeded to a bench trial. During trial, the defense maintained that Appellant acted in self-defense and that he fired the gun into the air in an attempt to end the altercation. The court found Appellant guilty of voluntary manslaughter[3] based on its determination that, although the evidence established that Appellant believed he was in danger of death or serious bodily injury, his belief was unreasonable in light of the facts and circumstances of the case. (**See** N.T. Trial, 4/07/14, at 411). The court ordered preparation of a pre-sentence investigation (PSI) report. On July 2, 2014, it sentenced Appellant to a term of not less than sixty nor

---

[3] The court found Appellant not guilty of first-degree murder and third-degree murder.

more than 180 months' incarceration. On July 7, 2014, Appellant filed a timely post-sentence motion, which was denied by operation of law on November 7, 2014. *See* Pa.R.Crim.P. 720(b)(3)(a). This timely appeal followed.[4]

Appellant presents the following questions for our review:

I. Is the guilty verdict on the charge of voluntary manslaughter supported by sufficient evidence when the Commonwealth failed to prove that the use of a firearm in self-defense or in defense of another was unreasonable under the circumstances of this case?

II. In the alternative, is the guilty verdict for voluntary manslaughter supported by sufficient evidence in that the evidence presented established that involuntary manslaughter was the only appropriate verdict in this case?

III. Is the sentence imposed manifestly excessive, unreasonable and an abuse of the trial court's discretion in that the various mitigating factors weighing in favor of a lesser sentence outweighed the need for retribution ordered because [Appellant] brought a gun to a fist fight?

(Appellant's Brief, at 6) (quotation marks and most capitalization omitted).

Preliminarily, we observe that Appellant's first two issues challenge the sufficiency of the evidence supporting his voluntary manslaughter conviction. (*See id.*).

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in

---

[4] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on February 13, 2015. *See* Pa.R.A.P. 1925(b). The trial court entered an opinion on March 9, 2015. *See* Pa.R.A.P. 1925(a).

- 3 -

the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Giordano***, 121 A.3d 998, 1002-03 (Pa. Super. 2015)

(citations omitted).

The voluntary manslaughter statute provides, in pertinent part:

**(b) Unreasonable belief killing justifiable.**—A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title (relating to general principles of justification), but his belief is unreasonable.

18 Pa.C.S.A. § 2503(b).

In order to procure a conviction for voluntary manslaughter the Commonwealth must prove, beyond a reasonable doubt, that the homicide was not justified. A killing that occurs under the mistaken belief that it was justified constitutes voluntary manslaughter. Voluntary manslaughter, imperfect self-defense, requires that the Commonwealth establish that the defendant "intentionally and knowingly" killed another. 18 Pa.C.S. § 2503(b)[.]

- 4 -

*Commonwealth v. Weston*, 749 A.2d 458, 462 (Pa. 2000) (case citations omitted).

In his first sufficiency challenge, Appellant argues that the Commonwealth failed to prove that his use of his firearm was unreasonable under the circumstances of this case. (*See* Appellant's Brief, at 21-32). He contends that his belief in the need to defend himself and his friends by shooting the gun was wholly reasonable and that the killing was justified. (*See id.* at 21, 23). We disagree.

> If the defendant properly raises self-defense under Section 505 of the Pennsylvania Crimes Code, the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense.
>
> The Commonwealth sustains this burden if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety.
>
> The Commonwealth must establish only one of these three elements beyond a reasonable doubt to insulate its case from a self-defense challenge to the evidence. The Commonwealth can negate a self-defense claim if it proves the defendant did not reasonably believe he was in imminent danger of death or great bodily injury and it was necessary to use deadly force to save himself from that danger.
>
> The requirement of reasonable belief encompasses two aspects, one subjective and one objective. First, the defendant must have acted out of an honest, bona fide belief that he was in imminent danger, which involves consideration of the defendant's subjective state of mind. Second, the defendant's belief that he needed to defend himself

- 5 -

with deadly force, if it existed, must be reasonable in light of the facts as they appeared to the defendant, a consideration that involves an objective analysis.

. . . [T]he use of deadly force itself cannot be viewed in isolation with [the victim] as the sole physical aggressor and [the defendant] acting in responsive self-defense. [T]his would be an incomplete and inaccurate view of the circumstances for self-defense purposes. To claim self-defense, the defendant must be free from fault in provoking or escalating the altercation that led to the offense, before the defendant can be excused from using deadly force. Likewise, the Commonwealth can negate a self-defense claim by proving the defendant used more force than reasonably necessary to protect against death or serious bodily injury.

\* \* \*

. . . Although the Commonwealth is required to disprove a claim of self-defense arising from any source beyond a reasonable doubt, a [fact-finder] is not required to believe the testimony of the defendant who raises the claim.

A number of factors, including whether complainant was armed, any actual physical contact, size and strength disparities between the parties, prior dealings between the parties, threatening or menacing actions on the part of complainant, and general circumstances surrounding the incident, are all relevant when determining the reasonableness of a defendant's belief that the use of deadly force was necessary to protect against death or serious bodily injuries. No single factor is dispositive. . . .

Finally, a trial court, acting as the finder of fact, is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence.

***Commonwealth v. Smith***, 97 A.3d 782, 787-88 (Pa. Super. 2014)

(citations, quotation marks and emphasis omitted).

Here, the trial court determined that Appellant's belief he was in danger of death or serious bodily injury was not reasonable under the

circumstances of this case. (*See* N.T. Trial, 4/07/14, at 411). It explained that "[t]he video shows [Appellant] rising with the firearm, shows the victim running away, shows [Appellant] stepping forward and firing." (*Id.* at 409). The court further stated:

> . . . By the time [Appellant] pulled his weapon and fired at the victim, he should have known that neither he nor anyone else was in danger of death or serious bodily injury. It was simply not reasonable to believe that, at the moment he fired, [Appellant] or anyone else was in danger of death or serious bodily injury. There was no weapon. The victim and his friends were moving away from [Appellant]. Those facts, established in the video, negated [Appellant's] claim that his belief was objectively reasonable.

(Trial Ct. Op., at 11).

After review of the record, and viewing the evidence in the light most favorable to the Commonwealth, *see Giordano*, *supra* at 1002, we conclude that Appellant's first challenge to the sufficiency of the evidence lacks merit. The record supports the trial court's conclusion that the Commonwealth negated Appellant's claim of self-defense where the videotape surveillance footage shows that the unarmed victim was retreating at the time Appellant fatally shot him. *See Smith*, *supra* at 787-88. Accordingly, Appellant's first issue does not merit relief.

In his second sufficiency challenge, Appellant argues in the alternative that the voluntary manslaughter verdict is inappropriate because the evidence "more properly should be deemed to be **involuntary**

manslaughter[.]" (Appellant's Brief, at 33) (emphasis original).[5]  He asserts that an involuntary manslaughter conviction is more appropriate because his act of firing a shot into the air during an altercation involving inebriated people on a public street could be deemed reckless or grossly negligent. (*See id.* at 34, 36, 38).  This issue does not merit relief.

As discussed above, Appellant was convicted of voluntary manslaughter, which "is a form of homicide that involves the specific intent to kill[.]"  **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1260 (Pa. Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014) (citation omitted); **see also** 18 Pa.C.S.A. § 2503(b) (requiring Commonwealth to establish that defendant "intentionally or knowingly" killed another).  "It is well-settled that specific intent to kill can be established through circumstantial evidence such as the use of a deadly weapon on a vital part of the victim's body."  **Commonwealth v. Diamond**, 83 A.3d 119, 126 (2013), *cert. denied sub nom.* **Diamond v. Pennsylvania**, 135 S. Ct. 145 (2014) (citation omitted).

Instantly, the trial court determined "that [Appellant's] actions here were more than gross negligence or recklessness but more of a conscious

---

[5] "A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person."  18 Pa.C.S.A. § 2504(a).

act, the kind of conscious act which raises the level from involuntary manslaughter up." (N.T. Trial, 4/07/14, at 407). The court did not find Appellant's testimony that he fired the gun into the air and unintentionally shot Sheridan credible where "[t]he video shows [Appellant] rising with the firearm, shows the victim running away, shows [Appellant] stepping forward and firing." (***Id.*** at 409; ***see also*** N.T. Trial, 4/02/14, at 339-40, 356, 358-59, 367). The court, as finder of fact, was "free to believe all, part or none of the evidence" and this Court will not disturb its credibility determinations. ***Giordano***, ***supra*** at 1003. Our review of the record reveals that there was sufficient evidence to conclude that Appellant intended the shooting to have fatal results when he shot Sheridan in the back shoulder region, a vital part of his body. (***See*** N.T. Trial, 4/02/14, at 259-60); ***see also Diamond***, ***supra*** at 126. Accordingly, Appellant's second issue does not merit relief.

In his third issue, Appellant argues that the sentence is excessive because the court failed to consider mitigating factors in formulating it. (***See*** Appellant's Brief, at 43). He contends that the court ignored his rehabilitative needs, and made no mention of his good educational background, his character, or the fact that he was employed and helping to support his family. (***See id.*** at 46-48).

At the outset, we observe that Appellant's issue challenges the discretionary aspects of his sentence. However, "[t]he right to appeal the discretionary aspects of a sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (citation omitted).

- 9 -

Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [, *see* Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Edwards***, 71 A.3d 323, 329-30 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citation omitted).

In the instant case, Appellant timely appealed, preserved his claim in the trial court, and included a Rule 2119(f) statement in his brief. ***See id.*** With respect to the substantial question requirement:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) (citations and quotation marks omitted). "[T]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (citations omitted). Therefore, we will review Appellant's claim on the merits.

Our standard of review in sentencing matters is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted).

In fashioning a defendant's sentence, the court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

. . . [W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Here, at the sentencing hearing, several defense witnesses testified regarding Appellant's good character, educational background, and involvement in the community. (***See*** N.T. Sentencing, 7/02/14, at 13-23). Appellant apologized to the victim's family and to his own family for the pain

and suffering he caused. (*See id.* at 59). Defense counsel discussed various mitigating factors including Appellant's long employment history, his lack of prior criminal history, and his academic record as an honors scholar. (*See id.* at 55-56). Counsel acknowledged that "[the court] is very familiar with the facts sitting as the fact finder" and noted "that [it] certainly knows better than I the purposes of sentencing[.]" (*Id.* at 52, 56). The court also heard from several of the victim's family members and friends, who described the painful impact his death has had on their lives. (*See id.* at 23-51). Before imposing sentence, the court noted that it had considered all of the information before it including the PSI report, ninety victim impact statements submitted by the Commonwealth, and the sentencing guidelines. (*See id.* at 13, 23, 61-62).

Thus, the record reflects that the court was well aware of the facts of this case and mitigating factors, and that it took into account extensive information regarding Appellant's background in formulating its sentence. Further, because the court had the benefit of a PSI report, we "presume[] that [it] was aware of the relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." *Ventura*, *supra* at 1135. Accordingly, we conclude that the trial court did not abuse its discretion in imposing Appellant's sentence. *See Clarke*, *supra* at 1287. Appellant's third issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2015