J-S20005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KHALIL OTHA ABDUL HAKIM | |
| Appellant | No. 192 WDA 2015 |

Appeal from the Judgment of Sentence December 22, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-00002045-2014
CP-02-CR-0000345-2014

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED APRIL 26, 2016**

Appellant, Khalil Otha Abdul Hakim, appeals from the judgment of sentence entered after the trial court, following a bench trial, found him guilty of fleeing apprehension and criminal trespass. Hakim challenges the sufficiency of the evidence supporting both convictions. Specifically, Hakim argues that the Commonwealth failed to prove that he knew the police were looking to apprehend him, and that the Commonwealth failed to prove that he was not privileged to be in his girlfriend's apartment. After careful review, we conclude that the evidence in both instances was sufficient, and therefore affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

This appeal concerns two separate incidents. The first incident occurred on December 27, 2013. On that evening, police officers attempted to execute an arrest warrant on Hakim in his apartment. When they knocked on the door, they heard rustling, but no verbal reply. The officers then announced their identities, and after waiting for approximately a minute with no verbal response, forcibly entered Hakim's apartment.

Upon entry, the officers noticed an open window that was providing a draft from the sub-freezing temperatures outside. Looking through the open window, the officers observed Hakim on the snow-covered ground. There were no footprints leading to the area where Hakim was standing. The officers apprehended Hakim, who claimed to have been taking out garbage. No garbage was found in the area.

The second incident occurred on February 5, 2014. The McKeesport Police Department received a radio report indicating a 911 call from the apartment of Trina Avrytt asserting that Hakim was inside engaged in a violent confrontation with Avrytt, the caller's mother. Upon arriving at the scene, officers found Avrytt, who stated that Hakim had assaulted her. While Avrytt testified that she had voluntarily allowed Hakim to enter her apartment, the Commonwealth presented the testimony of Tim Brophy, Avrytt's landlord. Brophy testified that he had previously informed Hakim that he was no longer permitted to be on the property of Avrytt's apartment.

The trial court found Hakim guilty of evading apprehension for his actions on December 27, 2013, and guilty of criminal trespass for his actions on February 5, 2014. The trial court subsequently sentenced to Hakim to a term of imprisonment of time served, 320 days, on the avoiding apprehension conviction and two years of probation on the criminal trespass conviction. This timely appeal followed.[1]

Both of Hakim's arguments on appeal raise challenges to the sufficiency of the evidence supporting his convictions. In reviewing a challenge to the sufficiency of the evidence, "[w]e must determine whether the evidence admitted at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support all of the elements of the offense beyond a reasonable doubt." **Commonwealth v. Cooper**, 941 A.2d 655, 662 (Pa. 2007) (citation omitted).

Our scope of review is plenary. **See Commonwealth v. Weston**, 749 A.2d 458, 460 n.8 (Pa. 2000). We may not weigh the evidence and substitute our judgment for the fact-finder's, as the fact-finder solely determines the credibility of witnesses and is free to believe all, part or none

---

[1] Hakim's *pro se* notice of appeal was filed 31 days after the judgment of sentence was entered. Technically, this was outside the thirty day window to file a timely appeal. However, Hakim was imprisoned at the time, and therefore application of the "prisoner mailbox rule" to these facts indicates that Hakim's notice of appeal was timely filed. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997).

of the evidence submitted. *See Cooper*, 941 A.2d at 662. "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Swerdlow*, 636 A.2d 1173, 1176 (Pa. Super. 1994) (citation omitted).

Hakim first argues that his conviction for avoiding apprehension is not supported by the record. The relevant section of the Crimes Code, 18 Pa.C.S. § 5126(a), provides that "[a] person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a [crime.]" *Id*. Hakim contends that the evidence was insufficient to establish that he intended to avoid apprehension.

Officer David Finnerty testified that he knocked on Hakim's door in an effort to arrest Hakim. It was cold and dark outside, and snow was on the ground. *See* N.T., Trial, 10/7/14, at 12. After knocking on the door, he heard scuffling from inside Hakim's apartment, but no verbal response. *See id*., at 13. Officer Finnerty and another officer then announced their identity and their intent to arrest Hakim. *See id*., at 13-14. After about 60 seconds, the officers forced entry into Hakim's apartment. *See id*., at 14.

When they entered, they noticed an open window with the curtains blowing in from a cold breeze from the outside. *See id*. There was no screen in the window. *See id*. Looking out the window, Officer Finnerty saw Hakim

standing on the ground in a gated walkway, the entrances to which were both locked on the outside. *See id*., at 15-16. There were no footprints in the snow around Hakim. *See id*., at 18. Hakim claimed that he had been taking out garbage, even though no garbage was found in the area. **See id**.

This evidence was sufficient to establish circumstantially that Hakim intentionally fled out his window when the officers announced their intent to arrest him. We therefore conclude that Hakim's first issue on appeal merits no relief.

In his second issue, Hakim contends that the evidence was insufficient to support his conviction for criminal trespass. A person is guilty of criminal trespass "if, knowing that he is not licensed or privileged to do so, he enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof[.]" 18 Pa.C.S.A § 3503(a)(1)(i). Hakim argues that the evidence at trial was insufficient to establish that he was not privileged to enter Avrytt's apartment.

It is true that the evidence at trial can only be reasonably interpreted to find that Avrytt voluntarily gave Hakim entrance to the property on the date of the incident. Furthermore, the Commonwealth's attempt to establish that Hakim was legally barred from the property by a protection from abuse ("PFA") order failed when the Commonwealth was unable to present a copy

of the order, and Hakim successfully objected to testimony regarding the contents of the PFA order. *See* N.T., Trial, 12/8/14, at 86.

However, the Commonwealth presented the testimony of Avrytt's landlord, Brophy. Brophy testified that Hakim was not on the lease for Avrytt's apartment. *See id*., at 50. Furthermore, he testified that he had sent a text to Hakim informing him that he was no longer welcome on the property due to allegations of property damage. *See id*., at 53. In this text, Brophy informed Hakim that he would consider Hakim a trespasser and call the police if he ever found Hakim on the property. *See id*.

We acknowledge that, with the absence of the governing lease from the record, there is a gap in the Commonwealth's case regarding Brophy's authority to revoke Hakim's privilege to be in Avrytt's apartment. However, since both Avrytt and Hakim testified at trial, and there was no indication that Brophy had overstepped his authority, we conclude that the trial court, as fact-finder, was entitled to find that Brophy was acting within his authority. We therefore conclude that the evidence at trial was sufficient to establish that Hakim was on the property without privilege. Hakim's final issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/26/2016