**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON M. GALLIK | : | |
| | : | |
| Appellant | : | No. 1942 WDA 2016 |

Appeal from the Judgment of Sentence November 17, 2016
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000199-2013

BEFORE:   OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                        **FILED SEPTEMBER 25, 2017**

Jason M. Gallik appeals from the judgment of sentence imposed on November 17, 2016, following the revocation of probation.  On January 22, 2014, a jury found Gallik guilty of burglary, criminal trespass, theft by unlawful taking, and receiving stolen property.[1]  On February 27, 2014, Gallik was sentenced to eight to 23½ months' imprisonment with credit for time served of 15 days, and a concurrent term of 36 months' probation.  Thereafter, on November 17, 2016, following a violation of parole/probation (VOP) hearing, Gallik was sentenced to 16 months' to 3 years' imprisonment with credit for time served of 306 days.  In this appeal, Gallik challenges

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S. §§ 3502(a)(4), 3503(a)(1)(ii), 3921(a), 3925(a), respectively.

the discretionary aspects of his revocation sentence. Because the claim has been waived and, in any event, is meritless, we affirm.

The trial court has summarized the background of this case:

A jury trial was held on January 22, 2014. The facts at trial demonstrated that during the late evening hours of February 26, 2013, and/or the early morning hours of February 27, 2013, [Jason M. Gallik ("Gallik")] entered the "Aud Restaurant" in Bradford, McKean County, Pennsylvania and took $399.00 from the cash drawer and $585.00 from a tip jar that was being collected by the business owners for a family vacation. [Gallik] had been at the Aud to assist a relative who was hired to perform repair work there and, therefore, knew where the key was hidden to gain entry. [Gallik] was convicted of: Count 1, Burglary, § 3502(1), (F-2); Count 2, Criminal Trespass, § 3503(a)(1)[(ii)], (F-2); Count 3, Theft by Unlawful Taking or Disposition, § 3921(a), (M-1); and, Count 5, Receiving Stolen Property, § 3925(a), (M-1). [Gallik] had a prior record score of 0 at the time of sentence. However, he did have one prior criminal case that resulted in the following convictions: McKean County case #342 CR 2008, conviction of Violation of the Drug Act (M); Public Drink (S); and, Underage Drinking, (S). The guideline range for the Counts that [Gallik] was convicted of were as follows: Count 1, Burglary, Restrictive Sanctions to nine (9) months; Count 2, Criminal Trespass, Restrictive Sanctions to three (3) months; Count 3, Theft by Unlawful Taking, Restrictive Sanctions to one (1) month; and, Count 4, Theft by Receiving Stolen Property, Restrictive Sanctions to one (1) month.

[Gallik] was sentenced on February 27, 2014, to undergo a period of incarceration in the McKean County Jail for a period not less than eight (8) months nor more than twenty-three and one half (23½) months with credit for time served of fifteen (15) days followed by thirty-six (36) months of concurrent probation. [Gallik] was also ordered to: 1) maintain contact with his probation officer and report in person or in writing as instructed; 2) comply with all Federal, State, County and Municipal Laws; 3) refrain from utilizing any non–prescribed controlled substances and provide samples for testing; 4) obtain a drug and alcohol evaluation and follow through with any recommended treatment; and, 5) obtain a mental health evaluation and follow through

with any recommended treatment. [Gallik] resided in Cattaraugus County, New York, which borders McKean County, Pennsylvania, and his request to have the supervision portion of his sentence transferred to Cattaraugus County was granted shortly after his release [from] incarceration.

The following facts were demonstrated at the hearing held on November 17, 2016, to address the Petition for Revocation: After his supervision was transferred to Cattaraugus County [Gallik] absconded. Specifically, he failed to report for scheduled appointments on July 25, 2015; August 15, 2016; and, August 24, 2016. During this time period he utilized [m]arijuana and cocaine and, therefore, would have been aware that, if he reported for an appointment with Cattaraugus Probation, he would have been asked to provide a urine sample for testing and his use of these substances would have been detected. Despite approximately 2 years and 8 months having passed since the time of sentence [Gallik] still had not obtained his ordered mental health evaluation. He also had not obtained his ordered drug and alcohol evaluation. He failed to show up for the following appointments for his evaluation: September 15, 2015; October 12, 2015; November 6, 2015; and, November 13, 2015. At the time of the hearing [Gallik] did not dispute that he violated the conditions of his sentence. He expressed remorse and a new commitment to following through with the terms and conditions of the sentence that was imposed 2 years and 8 months earlier. However, he then went on to make comments that attempted to pass blame on to others for his failure to follow through. Specifically, he made comments that his probation officers had not maintained contact with him and/or failed to explain the requirements and obligations of his sentence.

After the parties stated their positions the court revoked [Gallik] and re–sentenced him to a State Correctional Institution for a period of not less than 16 months nor more than 3 years with credit for time served of 306 days. At the revocation hearing the court set forth the [] reasons for the sentence that was imposed[.]

Trial Court Opinion, 3/8/2017, at 1–3 (unnumbered).

The sole issue raised by Gallik in this appeal is a challenge to the discretionary aspects of sentencing. Gallik raises the following issue:

> Whether the sentencing court abused its discretion in imposing a sentence of total confinement in a State Correctional Institution of not less than sixteen (16) months nor more than three (3) years, for a first violation of a probationary sentence imposed on February 27, 2014, for technical violations, where the defendant was not convicted of another crime, where the conduct of the defendant did not indicate that he was likely to commit another crime if not imprisoned, and where such a sentence was not essential to vindicate the authority of the court, where such a sentence was contrary to the provisions of 42 Pa.C.S. § 9771(c) (re: "Modification or revocation of order of probation"/ "Limitation on sentence of total confinement.")?

Gallik's Brief at 3.[2]

"[T]his Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*). Furthermore,

> "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Commonwealth v. Crump***, 2010 PA Super 101, 995 A.2d 1280, 1282 (Pa. Super. 2010); 42 Pa.C.S. § 9781(b). Rather, an "[a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Crump, supra at*** 1282. In determining whether a substantial question exists, this Court does not examine the merits of the sentencing claim. ***Commonwealth v. Tuladziecki***, 513 Pa. 508, 522 A.2d 17 (1987).
>
> In addition, "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by

---

[2] Gallick timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement.

presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Kittrell***, 2011 PA Super 60, 19 A.3d 532, 538 (Pa. Super. 2011). Furthermore, a defendant is required to preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement. ***Commonwealth v. Naranjo***, 2012 PA Super 183, 53 A.3d 66, 72 (Pa. Super. 2013).

***Cartrette***, at 1042.

Here, Gallik has included in his brief a Pa.R.A.P. 2119(f) statement ("Statement of Reason to Allow Appeal to Challenge Discretionary Aspects of Sentence"), in which he incorporates his "Summary of Argument," wherein he claims:

> The trial court failed to adequately consider the general sentencing factors under 42 Pa.C.S. § 9721(b)[3] ("Sentencing generally"; "General Standards") including; confinement that is consistent with the protection of the public and the rehabilitative needs of the defendant. Moreover, a sentence of total confinement should not have been imposed in light of 42 Pa.C.S. § 9771(c)[4] ("Limitation on sentence of total confinement")

_____

[3] Section 9721(b) states, in relevant part: "[T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

[4] Section 9771(c) states:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
>     (1) the defendant has been convicted of another crime; or

*(Footnote Continued Next Page)*

where [Gallik] had not been convicted of another crime, where the conduct of [Gallik] did not indicate he was likely to commit another crime if not imprisoned, and where such sentence was not essential to vindicate the authority of the court.

Gallik's Brief at 7. Gallik's Rule 2119(f) statement further asserts the trial court, in concluding that Gallik would commit another offense if not imprisoned, failed to give adequate consideration to the facts that Gallik had been employed and employment was still available to him, that he had not been convicted of another crime, that he had obtained a drug and alcohol evaluation on October 6, 2016, and outpatient treatment was recommended, that he did volunteer work at a sober living facility and that a bed and transportation for appointments was available to him there, and that he had an appointment scheduled for November 21, 2016, for drug and alcohol treatment. *See* Gallik's Brief, *id.*

To the extent Gallik's Rule 2119(f) statement presents the claim the trial court did not adequately consider the sentencing factors in Sections 9721(b) and 9771(c), we conclude Gallik does present a substantial question for our review. *See Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Super. 2016) ("[A]n averment that the trial court failed to consider relevant sentencing criteria … presents a substantial question for our review in typical cases.").

Here, however, Gallik failed to either raise an objection to the discretionary aspects of his sentence during the sentencing hearing or file a post sentence motion. While Gallik's counsel made argument regarding reasons why Gallik should "be released after 65 days with credit for time served of 65 days"[5] prior to the trial judge imposing sentence, the only discussion following the imposition of the sentence of 16 months' to 3 years' incarceration related to proper credit for time served. **See** N.T., 11/17/2016, at 26–30.

Pa.R.Crim.P. 708(E) states: "A motion to modify a sentence after a revocation shall be filed within 10 days of the date of imposition." Furthermore, the explanatory comment to Rule 708 states:

> Issues properly preserved at the sentencing proceeding need not, but may, be raised in a motion to modify sentence in order to preserve them for appeal. In deciding to decide whether to move to modify sentence, counsel must carefully consider whether the record created at the sentencing proceeding is adequate for appellate review of the issue, or the issues may be waived.[6]

_____

[5] N.T., 11/17/2016, at 23.

[6] Gallick was advised of his post-trial rights by a video recording played immediately before sentence was imposed by the trial court. **See** N.T., 11/17/2016, at 10–11.

Pa.R.Crim.P. 708, Comment.

On this record, we conclude Gallik's discretionary aspects of sentencing claim has not been properly preserved for review due to his failure to follow Rule 708 or object at the sentencing hearing after the court imposed its sentence. As such, the claim must be deemed waived. ***See Cartrette, supra***, 83 A.3d at 1043 (finding waiver of defendant's discretionary sentencing claim for not being preserved in post-sentence motion or at sentencing).

Even if the claim were not waived, it is meritless and we would reject it. The following principles guide a court's review of a VOP sentence:

> [A] trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence. The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

****

> Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by

the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

****

[A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Commonwealth v. Pasture*, 107 A.3d 21, 27–29 (Pa. 2014) (case citations omitted). *See also Commonwealth v. Derry, supra*, 150 A.3d at 995 (holding a VOP sentencing court must consider 42 Pa.C.S. § 9721(b) factors, and must also consider factors set forth in 42 Pa.C.S. § 9771(c)).

Here, the court explained its sentence, stating:

Okay. You just said something and there were a few other things that you said that -- that have bearing on what I'm about to do.

- 9 -

First of all, I remember this case. I remember the prior proceedings and of course I remember because it's part of the record that you were convicted of a burglary and instead of a state sentence being imposed which was appropriate under the guidelines you were given a period -- a sentence that was local supervision as far as county whether here or in Cattaraugus County.

So I start out with well what was this defendant convicted of, what was the sentence, how serious were the charges, what were the factors. All of those things and what went into sentencing before because it could have been a state sentence then. But the Court put faith in you to follow the terms of the sentence that was given.

So then we start out with that and then we look forward well, what's happened since then and back to some things that you've said. You threw in that's the first time I spoke to Adam in two years. In talking about your probation officer in New York and she wasn't available for meetings. And so that's – you're working that in to say well it's their fault, they didn't do what they were supposed to do and it happened more than once so it wasn't just a little thing that came out and I misread. With two probation officers you – you've put that out there like well, you know those people aren't doing what their [sic] supposed to be doing when you were ordered to obtain a mental health evaluation you didn't do it. You missed appointments with probation up in Cattaraugus County. You were smoking marijuana, you were using cocaine and you didn't get your drug and alcohol evaluation done. So instead of throwing things out at others and it's not like a personal [af]front, how dare you imply something against a probation officer, it has nothing to do with that. I'm focusing on it because I'm focusing on are you likely to work with them in the future.

And talk is good, and letters from others are good, but as they say "Actions speak louder than words."

And it's not out of anger -- I have so many cases I don't take any of them personally and if I did I would recuse myself. It's out of where will this case go. If I sentence this defendant back to basically the same sentence as before will it be productive and the argument was made would it be likely that you will commit another offense. I think it would be, I think it would be because

- 10 -

your attitude is such that you just don't get it. That you were given this opportunity and the end result was where is he, using cocaine, using marijuana and didn't get his drug and alcohol and didn't get his mental health.

So the actual facts show that it wouldn't be productive to try this all over again. That it's more productive to try something different and there's a much greater chance that would be productive than the same approach that we previously took.

N.T., 11/17/2016, at 24–26.

The trial court's statement clearly demonstrates the court did consider the Section 9721(b) and Section 9771(c) sentencing factors, and properly justified its sentence of total confinement. **_See Pasture, supra; Derry, supra_**. The court considered the seriousness of the original charges, Gallick's failure to comply with his sentence by missing appointments with probation and by failing to obtain a drug and alcohol evaluation and mental health evaluation, and his use of cocaine and marijuana while on probation, his likelihood of committing another offense, his unconcerned attitude toward fulfilling the conditions of his sentence, his need for effective rehabilitation, and also the vindication of the court's authority. As such, Gallik's argument to the contrary fails. Therefore, even had the issue been preserved for our review, we would grant no relief.

Accordingly, having concluded Gallik's discretionary aspects of sentencing claim is waived and, in any event, meritless, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2017